STATE v. G. B. WHITFIELD.

(Filed 11 April, 1962.)

**1. Criminal Law § 100—**

Where defendant is not represented by counsel in a prosecution for larceny, his statement at the conclusion of all the evidence that "I don't see how I can be guilty" in view of the fact that the prosecuting witness helped defendant load the chattel on defendant's truck, should be treated as a motion for judgment as in case of nonsuit.

**2. Larceny § 7—**

Where the evidence discloses that defendant took the pony of the prosecuting witness under an agreement that defendant was to break the pony, and that defendant was ready, able and willing to return the pony in good condition upon the payment by the prosecuting witness of the expense items incurred in connection with the care and upkeep of the pony, *is held* insufficient to show that the taking by defendant was with felonious intent, and nonsuit should have been entered.

APPEAL by defendant from *Mallard, J.*, October Criminal Term, 1961 of FRANKLIN.

Criminal prosecution on bill of indictment charging that defendant, on or about January 25, 1960, "one black mare pony of the value of one hundred fifty and no/100——Dollars, of the goods, chattels and moneys of one J. W. Pendergrass then and there being found, feloniously did steal by trick and artifice take and carry away," etc.

On or about January 25, 1960, defendant went to the home of J. W. Pendergrass, the prosecuting witness, to purchase a pony or ponies. Defendant, with the assistance of Pendergrass, loaded a young pony, which "had never been broke to ride," on defendant's truck and drove away. To transport the pony, it was necessary to construct a crate or sides on defendant's truck. Defendant had a chain saw in the back of his truck. It was used in cutting some lumber provided by Pendergrass. Pendergrass and defendant cooperated in making the truck suitable for transporting the pony. When he drove away, defendant left the chain saw at Pendergrass' house.

Undisputed evidence showed defendant took the pony and carried it away with the permission and cooperation of Pendergrass. The evidence was conflicting as to the terms of the agreement under which Pendergrass surrendered possession to defendant.

Pendergrass' testimony tended to show there was no sale; that defendant was to take the pony solely to break her; that defendant agreed there would be no charge for this service but Pendergrass, "if (he) wanted," could pay defendant's boy "$5.00 or $10.00"; and that Pendergrass, although in contact with defendant on several later occasions, was unable to obtain possession of the pony or locate her.

Defendant's testimony tended to show Pendergrass sold him the pony for the chain saw, which was valued at $125.00; that the pony has been continuously and is now in defendant's possession; that the pony is in good condition and has been broken; and that he is ready, able and willing to deliver the pony to Pendergrass upon return of the chain saw and payment of expense items incurred in connection with breaking the pony and for her care and upkeep.

Pendergrass testified he had taken out "claim and delivery papers"

to recover the pony, and "had a hearing and something happened," and that he "did not know the result of it."

Defendant was not represented by counsel. The prosecution was conducted by private counsel for Pendergrass.

The jury returned a verdict of guilty. Judgment, imposing a prison sentence, was pronounced. Thereupon, defendant employed counsel and gave "timely notice of appeal"; and, on appeal, assigns errors.

*Attorney General Bruton and Assistant Attorney General Jones for the State.*

*John F. Matthews and Edward F. Yarborough for defendant appellant.*

PER CURIAM. At the conclusion of all the evidence, defendant stated to the court: "I don't see how I can be guilty when Mr. Pendergrass helped load the pony on the truck." Mindful that defendant was not represented by counsel, the Attorney General concedes, and we think properly so, that defendant's said statement should be treated as a demurrer to the evidence and motion for judgment as in case of nonsuit. Moreover, the Attorney General concedes, and we agree, that the evidence, when considered in the light most favorable to the State, was insufficient to support a finding that, when defendant obtained possession of the pony from Pendergrass, this constituted a taking of the pony by defendant *with felonious intent*. Hence, the judgment of the court below is reversed.

Reversed.