STATE OF NORTH CAROLINA v. WILLIE LEE NEELY

No. 7527SC307

(Filed 6 August 1975)

1. **Criminal Law § 154— incomplete trial transcript — setting out errors in case on appeal**

   In the absence of a complete stenographic record of the trial due to the death of the court reporter before she transcribed the proceedings, the burden was upon defendant to set forth in the case on appeal the errors he contended were committed at the trial, and defendant failed to meet that burden where he contended that the trial court did not conduct a proper *voir dire* or apply constitutional standards, that the police may have used impermissibly suggestive identification procedures, and that errors in the admission and exclusion of evidence may have been committed.

2. **Criminal Law § 86— cross-examination of defendant — evidence of misconduct proper**

   The defendant was not prejudiced where the district attorney asked him questions designed to show specific acts of misconduct that defendant had committed, not his prior arrests and indictments.

3. **Criminal Law § 80— telephone company records — denial of subpoena proper**

   The trial court did not err in denying defendant's request for subpoenas to the telephone company for records of all long distance calls over a three month period to two residences, since the request was unreasonable and of dubious relevance.

4. **Criminal Law § 139— failure to sentence for minimum term — sentence improper**

   Sentence imposed by the trial court which confined the defendant "in the State Prison in Raleigh for a period not to exceed twenty-five years" was improper since it did not specify a minimum term of imprisonment.

ON *certiorari* to review a trial before *McLean, Judge.* Judgment entered 21 November 1972 in Superior Court, GASTON County. Heard in the Court of Appeals 17 June 1975.

Defendant was convicted of armed robbery, and a sentence "for a period not to exceed twenty-five years" was imposed.

On 15 February 1972 Barbara Dow and Dorothy Seward were working at the Dow Grocery Store in Gastonia. The defendant entered the store, threatened the two women with a gun, and demanded money. Mrs. Dow gave him $62.00, and defendant left, fleeing on foot. Mrs. Seward subsequently spent a considerable amount of time trying to locate the person who

had robbed the store. Some four months after the robbery, she recognized the defendant in a courtroom. She left the courtroom and advised a police officer that the man who had robbed the store was in the courtroom. Defendant was taken into custody and charged with armed robbery. Defendant was also identified by Mrs. Dow at his preliminary hearing.

The defendant offered evidence that he was living in Falls Church, Virginia, with his cousin at the time of the robbery.

*Attorney General Edmisten, by Associate Attorney Sandra M. King, for the State.*

*Chambers, Stein, Ferguson & Becton, by James E. Ferguson II, for the defendant-appellant.*

BROCK, Chief Judge.

[1] The main assignment of error presented in this appeal is directed to the lack of a complete stenographic transcript of the trial proceedings. The court reporter at the trial died prior to the transcription of the trial proceedings. The other official court reporter for Gaston County supervised the preparation of the transcript of the trial. However, a complete transcript could not be prepared because of difficulties in interpreting the audiograph recordings and because of the method by which notes of the trial were taken. The result is that the stenographic transcript prepared does not contain the direct examination of Mrs. Seward, the State's witness Andrew Strain, and defendant. The entire testimony of the State's witness P. E. Purser also is missing from the stenographic transcript prepared.

Defendant asserts that he is entitled to a new trial because the absence of a complete transcript abridges his right to appeal. Specifically, defendant argues that (1) there may have been errors in the admission and exclusion of certain testimony, and (2) improperly suggestive identification procedures may have been used by the police.

There is a presumption of regularity in a trial. "In order to overcome that presumption it is necessary for matters constituting material and reversible error to be made to appear in the case on appeal." *State v. Sanders*, 280 N.C. 67, 72, 185 S.E. 2d 137 (1971).

In an earlier appeal of this case, we stated that when there is an incomplete transcript, "[i]n lieu of the usual narrative

State v. Neely

statement of evidence, defendant should set out the facts upon which his appeal is based, any defects appearing on the face of the record, *and the errors he contends were committed at the trial.*" *State v. Neely,* 21 N.C. App. 439, 440-441, 204 S.E. 2d 531 (1971) (Emphasis added). Defendant contends that there was error in the "failure of the trial court to conduct a proper *voir dire* and to apply constitutional standards. . . . " The record on appeal does not show the extent of the *voir dire* or the findings of the trial judge, and defendant does not point out in what respect the *voir dire* was improper or in what way there was a failure to apply constitutional standards. We do not find this contention specific enough to justify a determination that defendant is prejudiced by the incomplete transcript.

Defendant makes no showing that errors were committed. He argues only that the police *may have* used impermissibly suggestive identification procedures and that errors in the admission and exclusion of evidence *may have* been committed. This is not enough to entitle him to a new trial. The record does not show that any incompetent evidence was given by the witnesses Seward, Strain, or Purser, or by defendant, and it does not establish that either Mrs. Seward's or Mrs. Dow's identification of defendant was improperly obtained. Absent some specific, affirmative showing by the defendant that error was committed, we will uphold the conviction because of the presumption of regularity in a trial. *See also State v. Teat,* 24 N.C. App. 621, 211 S.E. 2d 816 (1975). This assignment of error is overruled.

[2]  In his next assignment of error defendant contends that questions asked him by the district attorney were prejudicial because they tended to reveal that he had been indicted and arrested for obtaining money by false pretenses. In *State v. Williams,* 279 N.C. 663, 185 S.E. 2d 174 (1971), the Court held that it was improper to impeach a witness by asking him about prior arrests and indictments.

The three exceptions which constitute this assignment of error are as follows:

Q And then, also, an obtaining some money by false pretenses from Roncum Moore. He was the one that got on you and got you back in March, wasn't he?

Objection — Overruled.

EXCEPTION #10.

"Q Your bondsman didn't get in touch with you?

A Through my father.

Q Through your father, but he had been looking for you, hadn't he? For failing to appear in District Court February 19, 1972, on another case?

A No, he ain't looking for me.

Q And that was the reason, in fact, you failed to appear on February 18th of 1972, wasn't it?

Overruled.

EXCEPTION #11."

\*      \*      \*

"Q You went to work after you got back and the bondsman got after you?

A Right.

Objection — Overruled.

EXCEPTION #12.

"A I worked at Smyre Mills until I was picked up on a capias. I think it's about two months."

In our opinion the questions propounded by the district attorney did not prejudice defendant. They were designed to show specific acts of misconduct that the defendant had committed, not his prior arrests and indictments. " . . .*Williams* did not change the rule that for purposes of impeachment a witness may be asked whether he has *committed* specific criminal acts. . . . " *State v. Gainey,* 280 N.C. 366, 373, 185 S.E. 2d 874 (1971). The failure of defendant to appear in court for his trial or preliminary hearing is an act of misconduct about which he could be properly questioned. Additionally, even though the objections constituting exceptions #10 and #11 were overruled, no answer was elicited from the defendant. This is, practically speaking, the equivalent of having the objection sustained. Defendant could not have been prejudiced. As to exception #12, suffice to say we are of the opinion that it does not constitute prejudicial error. This assignment of error is overruled.

[3] In his third assignment of error the defendant objects to the denial of his request for subpoenas to the Southern Bell Telephone Company for the production of certain telephone rec-

State v. Neely

ords. In his argument defendant asserts that the failure to grant the subpoenas was prejudicial in spite of the fact that, as defendant admits, the "records would not be ultimately dispositive, and that (the) calls might have been made by another." The record discloses that defendant's trial attorney requested six subpoenas "for all long distance telephone calls for the months of January, February and March, 1972, to the residence of Christie Gilmore, 537 Henderson Street, Mountain View Section of Gastonia, and Mrs. Hazel Reid, 2814 Booker Street, Randleman, North Carolina."

General Statute 1A-1, Rule 45(c)(1) provides that the judge may quash or modify the subpoena if it is unreasonable or oppressive. We are of the opinion that the request for records of calls placed over a three-month period to certain persons was unreasonable and of dubious relevance when it is considered that the records could show only, at most, that someone made calls, not that defendant made them. The request was not even limited to records of calls from Falls Church, Virginia, to the residences of Gilmore and Reid. Defendant contended he was in Falls Church, Virginia, and that he made calls from there. Records of calls from any other place to the residences of Gilmore and Reid clearly would have been irrelevant to defendant's defense, and an order to produce them would have been unreasonable. We note that neither Gilmore nor Reid was called as a witness by defendant to corroborate his contention that he made calls to them. This assignment of error is overruled.

We have carefully considered defendant's remaining argument and find that no prejudicial error was committed.

[4] We note, however, that the judgment imposed by the judge confines the defendant "in the State Prison in Raleigh for a period not to exceed twenty-five years." This is an improper sentence. In *State v. Black*, 283 N.C. 344, 353, 196 S.E. 2d 225 (1973), the Court stated:

"[U]nder an indeterminate sentence law, a sentence cannot be for a definite term of imprisonment. It must be for not less than a specified minimum period and not more than a specified maximum period. There must be a difference between the periods, and a sentence fixing identical minimum and maximum terms of imprisonment is invalid." 283 N.C. at 353, *quoting* 21 Am. Jur. 2d *Criminal Law* § 540.

Although we find no error in the trial, the case must be remanded to the Superior Court, Gaston County, for the entry of a proper judgment.

Remanded for judgment.

Judges PARKER and ARNOLD concur.