State v. Hill

No. 7912SC125

(Filed 19 June 1979)

1. **Electricity § 1— tampering with electric meter—evidence showing lack of authority—relevancy**

   In a prosecution of defendant for unlawfully and willfully tampering with an electric meter in violation of G.S. 14-151.1, testimony by two servicemen of the utility company that they did not give defendant permission to tamper with the meter was relevant to show that defendant had no permission from any employee with apparent authority to tamper with the meter; furthermore, testimony by the manager of operations for the utility company that power to a lot in a trailer park had been disconnected and had not been officially reconnected, and that he did not give defendant authority to connect extension cords to that lot was admissible and sufficient to show lack of authority.

2. **Electricity § 1— tampering with electric meter—sufficiency of evidence**

   In a prosecution of defendant for unlawfully and willfully tampering with an electric meter in a trailer park, the State's evidence was inconsistent with defendant's evidence that the tenant of a trailer gave him permission to run an extension cord to his lot, and the State's evidence was sufficient to show that defendant was the person who tampered with the meter where it tended to show that service to Lot 226 was disconnected on 10 April 1978; defendant

moved to Lot 224 on 15 April 1978 and could not obtain electrical service until the prior delinquent amount was paid and until he made a security deposit; on 17 April a serviceman for the electric company found that service to Lot 224 had been reconnected by means of a meter on Lot 223; on 26 April the serviceman discovered defendant's extension cord running to Lot 226; the meter for Lot 226 had been tampered with and reenergized; and the manager for the trailer park testified that no one was living on Lot 226 on 26 April 1978, the owner being in Europe and the tenant having vacated several days before defendant moved to Lot 224.

**3. Criminal Law § 86.5— prior acts of defendant—cross-examination for impeachment purposes**

In a prosecution of defendant for unlawfully and willfully tampering with an electric meter in a trailer park, the trial court did not err in permitting the prosecutor to cross-examine defendant as to whether he had lived with a trailer park resident, whether her account with the electric company was delinquent, and whether she was pregnant with defendant's child, since such questions were properly asked for the purpose of impeaching defendant.

APPEAL by defendant from *Herring, Judge.* Judgment entered 21 September 1978 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 1 May 1979.

Defendant was convicted, as charged, of unlawfully and willfully tampering with a meter which had been installed for the purpose of measuring the use of electricity in violation of G.S. 14-151.1. Defendant appeals from the judgment imposing a twelve-month prison term.

The evidence for the State tended to show that on 29 March 1978, the South River Electric Membership Corporation disconnected service to a trailer on Lot 224 in the Palm Springs Trailer Court, north of Fayetteville, because the bill had not been paid by the tenant, Mrs. Rivera. On 10 April 1978, a serviceman, Lacy Bullard, discovered that the meter to Lot 224 had been reconnected and he disconnected it. On 17 April 1978, Bullard returned to Lot 224 and found that service had again been restored to Lot 224 through the meter from Lot 223. Bullard instructed a lineman to disconnect the lines from the transformer. On 26 April 1978, Bullard found several extension cords running from the trailer on Lot 224 across Lot 225 through the back window to an outlet in the trailer on Lot 226. Bullard had disconnected the service to Lot 226 on 10 April 1978 because the occupants were moving. On 26 April 1978, the meter for Lot 226 had been tampered with and had been reenergized.

Lawrence Fisher, manager of operations for the South River Electric Membership Corporation, testified that he had spoken to the defendant on 18 April 1978 and defendant stated that he did not know Mrs. Rivera, former tenant of the trailer on Lot 224, and that he had moved into the trailer on 15 April 1978. Fisher informed defendant that he would have to clear up the account on Lot 224 before electric service would be restored. Fisher did not give defendant permission to run an extension cord between Lots 224 and 226.

Katie Davis, manager for the Palm Springs Trailer Park testified that no one was living in the trailer on Lot 226 on 26 April 1978.

Defendant testified that he had moved onto Lot 224 on 15 April 1978 and contacted the electric company to connect service to Lot 224. He was informed that he could not obtain service until he paid the overdue account and made a security deposit. Thereafter, he had asked Richard Thomas, occupant of Lot 226, if he could run a series of extension cords from Lot 226 to Lot 224 until his service was connected. Thomas gave him permission to do so. He had known Iris Rivera for 10 years but had never lived with her, and she was not pregnant with his child.

*Attorney General Edmisten by Associate Attorney Jane Rankin Thompson for the State.*

*Assistant Public Defender Rebecca Bosley for defendant appellant.*

CLARK, Judge.

The defendant first assigns as error the trial court's failure to dismiss the case against the defendant on the grounds that the evidence was insufficient to warrant the submission of the case to the jury. The defendant, who appeared *pro se*, did not move for a dismissal pursuant to G.S. 15A-1227 but did question the sufficiency of the . State's evidence. Since the defendant was not represented by counsel, the court may consider a challenge to the sufficiency of the State's evidence which is made in layman's language, as a motion for judgment of nonsuit. *See State v. Whitfield,* 256 N.C. 704, 124 S.E. 2d 869 (1962). In any event, the sufficiency of the evidence may be raised for the first time on appeal.

G.S. 15A-1446(d)(5). Therefore, we shall consider whether the State's evidence was sufficient to reach the jury. There must be substantial evidence of each of the material elements of the offense charged, in order to withstand a challenge to the sufficiency of the evidence. *State v. Hoffman,* 281 N.C. 727, 190 S.E. 2d 842 (1972). G.S. 14-151.1 provides:

"(a) It shall be unlawful for any unauthorized person to alter, tamper with or bypass a meter which has been installed for the purpose of measuring the use of electricity, gas or water or knowingly to use electricity, gas or water passing through any such tampered meter or use electricity, gas or water bypassing a meter provided by an electric, gas or water supplier for the purpose of measuring and registering the quantity of electricity, gas or water consumed.

(b) Any meter or service entrance facility found to have been altered, tampered with, or bypassed in a manner that would cause such meter to inaccurately measure and register the electricity, gas or water consumed or which would cause the electricity, gas or water to be diverted from the recording apparatus of the meter shall be prima facie evidence of intent to violate and of the violation of this section by the person in whose name such meter is installed or the person or persons so using or receiving the benefits of such unmetered, unregistered or diverted electricity, gas or water."

The State was required to prove that the defendant tampered with an electric meter that served the trailer on Lot 226 near Lot 224 where defendant resided, that he was unauthorized to do so, and that he connected that power for his own use on Lot 224 or that he knowingly received electricity from a bypassed meter. Defendant contends that the State's evidence was insufficient in two respects. First, there was insufficient evidence of lack of authority and second, the State failed to present sufficient evidence that the defendant was the person who tampered with the meter on Lot 226.

[1] Defendant contends that Bullard was a serviceman for the electric company and not authorized to give defendant permission to tamper with the meter on Lot 226, and, therefore, his testimony that he did not give defendant permission was irrele-

vant. According to the defendant, only Fisher was capable of authorizing defendant to tamper with the meter and Fisher did not testify that he did not give defendant authority to tamper with the meter but only testified that he did not permit defendant to run an extension cord from Lot 226 to Lot 224. On a motion for nonsuit, the evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference therefrom. *State v. Cooper*, 286 N.C. 549, 213 S.E. 2d 305 (1975). The evidence for the State tends to show that three employees of the electric company had dealings with defendant. The testimony of two servicemen that they did not authorize the defendant to tamper with the meter was relevant to show that he had no permission from any employee with apparent authority to tamper with the meter. Fisher, although he did not specifically state that he did not give defendant permission to tamper with the meter, testified that the power to Lot 226 was disconnected on 10 April 1978, has not been officially reconnected, and that he did not give defendant authority to connect extension cords to Lot 226. We find that this evidence was relevant to the issue of authority, was admissible, and sufficient to show lack of authority. This assignment of error is without merit.

[2] Defendant also challenges the sufficiency of the State's evidence that the defendant was the person who tampered with the electrical meter on Lot 226. The State's evidence on this issue is entirely circumstantial. Where the State's evidence is circumstantial, the courts have applied a strict test of sufficiency of proof. *State v. Blizzard*, 280 N.C. 11, 184 S.E. 2d 851 (1971); *State v. Evans*, 279 N.C. 447, 183 S.E. 2d 540 (1971). "To warrant a conviction on circumstantial evidence, the facts and circumstances must be sufficient to constitute substantial evidence of every essential element of the crime charged. *State v. Stephens*, 244 N.C. 380, 93 S.E. 2d 431. Guilt must be a legitimate inference from facts established by the evidence. When the facts and circumstances warranted by the evidence do no more than raise a suspicion of guilt, they are insufficient to make out a case and a motion to dismiss should be allowed." *State v. Blizzard*, 280 N.C. at 16, 184 S.E. 2d at 854.

Defendant contends that the State's evidence raises no more than a suspicion that the defendant committed the crime, since it also raises an inference that either the tenant or the owner of the

State v. Hill

trailer on Lot 226 tampered with the meter. In *State v. Bruton,* 264 N.C. 488, 142 S.E. 2d 169 (1965), the Supreme Court, in ruling on a motion for nonsuit, considered defendant's evidence which tended to show that he did not commit the crime. The defendant's evidence was consistent with the State's circumstantial evidence which appeared to link him to the crime, but defendant's evidence tended to show that the presence of the circumstantial evidence did not lead unerringly to the conclusion that defendant committed the crime. The court held that the motion for nonsuit should have been granted since the circumstantial evidence presented by the State raised no more than a suspicion of guilt. In the case *sub judice,* the defendant contends that the State's circumstantial evidence was not inconsistent with and did not negate his testimony that the tenant, Richard Thomas, gave him permission to run the extension cord to Lot 226. We do not agree. The State's evidence tends to show that service to Lot 226 was disconnected on 10 April 1978. Defendant moved to Lot 224 on 15 April 1978 and could not obtain electrical service until the prior delinquent account was paid and until he made a security deposit. On 17 April, a serviceman for the electric company found that service to Lot 224 had been reconnected by means of a meter on Lot 223. On 26 April, the serviceman discovered the defendant's extension cord running to Lot 226. The manager for the trailer park testified that no one was living on Lot 226 on 26 April 1978. The owner of Lot 226 was in Europe, and the evidence tends to show that the tenant of Lot 226 vacated on 10 April 1978, several days before defendant moved to Lot 224. The evidence clearly raises more than an inference that defendant was the person who tampered with the meter. We find this circumstantial evidence inconsistent with defendant's evidence, and this case distinguishable from *Bruton.* This assignment of error is overruled.

[3]  Defendant also contends that the trial judge erred in permitting the prosecutor to ask prejudicial and improper questions of the defendant during cross-examination. The defendant did not object to the questions and therefore waived the right to assert the alleged error upon appeal. G.S. 15A-1446. However, G.S. 15A-1446(b) also provides that "the appellate court may review such errors in the interest of justice if it determines it appropriate to do so." In light of the fact that defendant appeared

*pro se,* and was the witness to whom the allegedly improper questions were addressed, we elect to consider this assignment of error.

The questions which defendant contends were improper are as follows:

"Q. Mr. Hill, isn't it true that the reason you couldn't get any service in your own name was because you were living with Mrs. Rivera and that account was delinquent?

A. No.

Q. Mr. Hill, and I ask this in good faith, isn't it true that Mrs. Rivera is right now pregnant with your child?

A. No."

A defendant who elects to take the stand is subject to impeachment as is any other witness. The scope of cross-examination is within the discretion of the trial judge. *State v. Ross,* 295 N.C. 488, 246 S.E. 2d 780 (1978). In the case *sub judice,* defendant told Mr. Fisher that he did not know Mrs. Rivera and that he had only been in the area since 15 April 1978. On cross-examination, however, he admitted that he had known Mrs. Rivera for 10 years and had visited her at Lot 224. The questions concerning defendant's activities were therefore relevant and were properly asked for the purpose of impeaching the defendant. *State v. Neely,* 26 N.C. App. 707, 217 S.E. 2d 94, *appeal dismissed,* 288 N.C. 512, 219 S.E. 2d 347 (1975). We find no merit in this assignment of error.

Defendant also contends that the court erred in failing to explain the statutory language of G.S. 14-151.1 and apply it to the evidence. *State v. Mundy,* 265 N.C. 528, 144 S.E. 2d 572 (1965). Defendant contends that the issue of who can give authority is a complicated issue requiring special instructions. There is no evidence in this case that any one from the electric company gave or purported to give the defendant or anyone else permission to tamper with the meter. Defendant contends that he did not tamper with it and was given permission to use electricity from Lot 226. We find that the instructions on the issue of lack of authority were sufficiently clear to apprise the jury of the applicable law. Defendant's assignment of error is overruled.

We have carefully examined and considered defendant's other assignments of error and find that discussion is not warranted.

No error.

Judges VAUGHN and CARLTON concur.