IN RE: BARBARA MARIE DESIREE HOWELL, DOB: 6-30-1995, A Minor Juvenile

No. COA03-85

(Filed 16 December 2003)

**1. Trials— poor quality of audio recording—motion for new trial**

Respondent mother is not entitled to a new trial in a termination of parental rights case based on the poor quality of the audio recording of portions of the termination hearing, because respondent failed to demonstrate any specific affirmative showing that error was committed in the unintelligible portions of the recording in order to overcome the presumption of regularity in a trial.

**2. Appeal and Error— preservation of issues—failure to object—waiver**

Although respondent mother contends the trial court did not have jurisdiction over her since she alleges that no summons was issued to or served on her in regard to the petition to terminate her parental rights as required by N.C.G.S. §§ 7B-1106 and 7B-1102, this assignment of error is waived because: (1) respondent failed to object, by motion or otherwise, under N.C.G.S. § 1A-1, Rule 12 to either lack of personal jurisdiction over her or insufficiency of process or service of process at any

IN RE HOWELL

[161 N.C. App. 650 (2003)]

point prior to or during the termination hearing; (2) respondent made a general appearance at the adjudicatory hearing and at the dispositional hearing; (3) there was no evidence that respondent raised these defenses in her answer or pre-answer motion; and (4) respondent agreed at the termination hearing that service of process was proper.

### 3. Termination of Parental Rights— best interests of child— abuse of discretion standard

The trial court did not abuse its discretion in a termination of parental rights case by determining that the minor child's best interests would be served by terminating respondent mother's parental rights and allowing the minor child to be adopted by the foster parents who had cared for her since three weeks after her birth, because: (1) respondent willfully left the minor child in foster care for more than twelve months without showing that reasonable progress had been made in correcting the conditions which led to the child's removal; (2) respondent failed to provide any verification of required substance abuse treatment; (3) respondent failed to fulfill the requirements of gaining employment and submitting to random alcohol and drug screens; (4) respondent failed to maintain independent and stable housing and failed to assist in determining the child's paternity; (5) respondent was provided with forty-one visitation opportunities and only visited thirteen times where she often arrived late, left early, and failed to engage in activities with the child; (6) respondent never provided proof that she attended required anger management treatment; (7) respondent never provided any financial support during the entire six years that the child remained in foster care; and (8) respondent continued to consume alcohol until nearly five weeks prior to the termination proceeding and consumed alcohol between court sessions during the termination proceeding.

Appeal by respondent from judgment entered 13 June 2002 by Judge James A. Jackson in Gaston County District Court. Heard in the Court of Appeals 12 November 2003.

*David A. Perez, for petitioner-appellee Gaston County Department of Social Services.*

*Hall & Hall Attorneys at Law, P.C., by Douglas L. Hall, for respondent-appellant Kimberly Nicole Howell Jackson.*

TYSON, Judge.

Kimberly Nicole Howell Jackson ("respondent") appeals from a judgment that terminated her parental rights. We affirm.

## I. Background

On 25 July 1995, the Gaston County Department of Social Services ("GCDSS") filed a juvenile petition alleging that respondent's minor child, Barbara Marie Desiree Howell ("Barbara"), was a neglected child. GCDSS assumed legal custody of Barbara. An adjudication hearing was held on 25 September 1995. In its adjudication order, the trial court found Barbara to be "neglected" within the meaning of N.C. Gen. Stat. § 7A-517(21), in that Barbara did not receive proper care, supervision, or discipline from respondent. The trial court further found that Barbara tested positive for cocaine at birth and that respondent was homeless, a substance abuser, and exhibited incoherent and bizarre behavior. The trial court found respondent had a history of mental health treatments. On its own motion, the court also found Barbara to be "dependent" within the meaning of N.C. Gen. Stat. § 7A-517(13).

A dispositional hearing was held on 6 November 1995. Respondent was ordered to complete certain requirements to regain custody of Barbara. These requirements included: (1) obtaining a substance abuse evaluation, (2) receiving anger management treatment, (3) providing proper care and supervision for Barbara, and (4) cooperating in establishing paternity of Barbara.

Barbara remained in the legal and physical custody of GCDSS for over six years until the judgment terminating respondent's parental rights was filed on 13 June 2002. Respondent testified that she no longer used illegal drugs, that she continued to drink, but that her drinking was not a problem even though she was a recovering alcoholic.

Prior to the termination hearing, respondent had never provided GCDSS with any proof that she had participated in a substance abuse treatment program or an anger management program as ordered. Respondent was able to work and married to a man who had earned income of up to $5,000.00 per month, but never provided any financial assistance to Barbara during her six years in foster care.

From 8 April 1999 until visitation was ceased on 28 November 2000, respondent was afforded forty-one visitation opportunities with

Barbara. Respondent attended only thirteen of these visits. Respondent arrived late and left early during some of these visits and involved herself in one activity while Barbara was involved in another. Respondent attributes her failure to attend more visitations and leaving early to having more than six social workers assigned to her case. Lack of transportation from her home in Cleveland County to Gaston County also caused communication difficulties and problems scheduling visitation.

Respondent's son, Barbara's half-brother, was twice-removed from but returned to respondent's care. Her son was removed in August of 2000 after a report was filed with the Cleveland County Department of Social Services ("CCDSS") that respondent and her son were riding in a vehicle where the driver was charged with DWI and where respondent was also very intoxicated. Respondent's son was again removed from her care after CCDSS received a report that respondent had threatened a farm worker with a knife after consuming wine.

CCDSS, however, also reported that respondent had maintained her supervised visitation schedule with her son and that she had enrolled and completed a forty-hour intermediate outpatient treatment program. CCDSS also reported that respondent completed an anger management program and that alcohol was never detected in over ninety in-home contacts.

On 21 October 1999, a psychological evaluation of respondent was ordered. Dr. William H. Varley ("Dr. Varley") concluded that Barbara had been under the foster mother's care since she was three-weeks-old. Dr. Varley testified that Barbara had attached and bonded to her foster mother. Dr. Varley also testified respondent's long-term instability and substance abuse had compromised her parenting capacity. The trial court found it to be in Barbara's best interests to terminate respondent's parental rights. Respondent appeals.

## II. Issues

The issues are whether: (1) respondent should be granted a new trial due to the poor quality of the audio recording of portions of the termination hearing; (2) the trial court had jurisdiction over respondent or the termination hearing because no summons was issued to respondent in regards to the petition to terminate her parental rights as required by N.C. Gen. Stat. § 7B-1106; (3) the trial court had jurisdiction over respondent or the termination hearing as respondent

was not served with the petition to terminate her parental rights pursuant to N.C. Gen. Stat. § 7B-1102; and (4) the trial court abused its discretion in determining that Barbara's best interests would be served by terminating respondent's parental rights.

### III. Quality of Audio Recording

**[1]** Respondent contends that she should be granted a new trial due to the poor quality of portions of the audio recordings at the termination hearing. We disagree.

There is a presumption of regularity in a trial. *State v. Sanders*, 280 N.C. 67, 72, 185 S.E.2d 137, 140 (1971). In order to overcome this presumption, it is necessary that matters which constitute material and reversible error appear in the record on appeal. *Id.*

> Before a new trial should be ordered, certainly enough ought to be alleged to show that error was probably committed. If defense counsel even suspect[s] [sic] error in the charge, they should set out in the record what the error is. If the solicitor does not object, theirs becomes the case on appeal. If he does object, the court could then settle the dispute. The appellate court would then have something tangible upon which to predicate a judgment. The material parts of a record proper do not include either the testimony of the witnesses or the charge of the court.

*Id.*

In *State v. Neely*, this Court considered an assignment of error in which a complete stenographic trial transcript was lacking. 26 N.C. App. 707, 708, 217 S.E.2d 94, 96 (1975). A partial transcript was prepared. *Id.* The direct examination of at least two witnesses, in addition to defendant's testimony, were not transcribed. *Id.* The defendant appealed and alleged errors which may have been committed in portions of the lost testimony. *Id.* This Court emphasized the presumption of regularity in a trial and indicated that specific error should have been set forth by the defendant in the record. *Id.* We concluded that mere allegations that error *may* have occurred was not sufficient for a reversal. *Id.* at 709, 217 S.E.2d at 97. We stated that "[a]bsent some specific, affirmative showing by the defendant that error was committed, we will uphold the conviction because of the presumption of regularity in a trial." *Id.*

Respondent sets out numerous portions of the transcript of the termination hearing that are unintelligible, but cites no specific

**IN RE HOWELL**

[161 N.C. App. 650 (2003)]

instances of alleged reversible error committed by the trial court in these omitted portions. Respondent argues these portions are unintelligible and that a new trial should be granted. Respondent has failed to demonstrate any "specific, affirmative showing" that error was committed in the unintelligible portions of the transcript to overcome the presumption of regularity. *Id.* Respondent's assignment of error is overruled.

### IV. Failure to Issue Summons and Serve Petition

**[2]** Respondent contends that the trial court had no jurisdiction over her or the termination hearing. She asserts no summons was issued in the petition to terminate her parental rights and she was not served with the petition to terminate parental rights. As issues three and four are similar, we address them together.

Rule 12 of the North Carolina Rules of Civil Procedure requires that certain defenses must be raised by a pre-answer motion or in a responsive pleading. N.C. Gen. Stat. § 1A-1, Rule 12(h) (2001). Failure to do so waives these defenses. *Id.* Among the defenses that must be raised are jurisdiction over the person, insufficiency of process, and insufficiency of service of process. *Id.* Our Supreme Court has held that a general appearance of a party in an action gives the court jurisdiction over the appearing party even though no service of a summons is shown. *Harmon v. Harmon*, 245 N.C. 83, 86, 95 S.E.2d 355, 358-59 (1956).

Respondent failed to object, by motion or otherwise under Rule 12 of the North Carolina Rules of Civil Procedure, to either a lack of personal jurisdiction over her or insufficiency of process or service of process at any point prior to or during the termination hearing. Respondent made a general appearance at the adjudicatory hearing and at the dispositional hearing. Respondent waived these issues as defenses. The trial court gained jurisdiction through respondent's waiver. Respondent appeared in court on 28 August 1995, signed an affidavit of indigency, and requested that counsel be appointed to her. Respondent was represented by counsel at the adjudicatory hearing on 25 September 1995. Both respondent and her counsel were present at the dispositional hearing on 6 November 1995.

Respondent filed and served upon petitioner in the dispositional hearing an "Answer to Petition to Terminate Parental Rights," which was verified by respondent. Respondent failed to assert the defenses of lack of personal jurisdiction and insufficiency of process or serv-

**IN RE HOWELL**

[161 N.C. App. 650 (2003)]

ice of process. There is no evidence that respondent raised these defenses in a pre-answer motion. These issues were raised for the first time by respondent's counsel on appeal. In *Harmon*, our Supreme Court stated that "[t]he filing of an answer is equivalent to a general appearance, and a general appearance waives all defects and irregularities in the process and gives the court jurisdiction of the answering party even though there may have been no service of summons." *Id.* at 86, 95 S.E.2d at 359.

Respondent agreed at the termination hearing that service of process was proper. Based on this agreement, the trial court entered a ruling that "the parties agree that service was properly executed pursuant to that petition [to terminate parental rights] . . . ."

Respondent failed to raise the defenses of lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process in either her answer or in a pre-answer motion in the termination proceeding and waived these defenses. N.C. Gen. Stat. § 1A-1, Rule 12(h) (2001). Respondent made a general appearance in the termination hearing and prior hearings and filed an answer to the termination petition. The trial court properly exercised jurisdiction over respondent. *Harmon*, 245 N.C. at 86, 95 S.E.2d at 359. Respondent's assignments of error are overruled.

## V. Abuse of Discretion in Determining Best Interests

[3] Respondent contends that the trial court abused its discretion in determining at the dispositional stage that Barbara's best interests would be served by terminating respondent's parental rights. We disagree.

A termination of parental rights proceeding is a two-stage process. At the adjudication stage, the trial court determines whether grounds exist to warrant a termination of parental rights. N.C. Gen. Stat. § 7B-1111 sets forth the grounds upon which parental rights can be terminated. A finding of any one of the separately enumerated grounds under N.C. Gen. Stat. § 7B-1111 that is supported by clear, cogent, and convincing evidence is sufficient to terminate. *In re Taylor*, 97 N.C. App. 57, 64, 387 S.E.2d 230, 233-34 (1990). Once the court determines that one statutory ground exists, it moves to the dispositional stage. At the dispositional stage, the court is given discretion to terminate parental rights consistent with the best interests of the child. *In re Montgomery*, 311 N.C. 101, 110, 316 S.E.2d 246, 252 (1984).

After review of all the evidence, the trial court decided that it was in Barbara's best interests to terminate respondent's parental rights. Barbara had been in the custody of GCDSS and in foster care since she was three weeks and five days old and had remained there over six years. The trial court concluded that respondent had willfully left Barbara in foster care for more than twelve months without respondent showing to the satisfaction of the court that reasonable progress had been made in correcting the conditions which led to Barbara's removal. Respondent was required to obtain substance abuse treatment, but failed to provide GCDSS with any verification of treatment. Respondent was required to be employed and to submit to random alcohol and drug screens, but failed to fulfill these requirements. Respondent also failed to maintain independent and stable housing and failed to assist in determining the paternity of Barbara.

On 13 May 1997, an order amended the long-term goal of reunification to adoption based on respondent's failure to fulfill the requirements for return of Barbara to her custody. GCDSS continued to deliver services to respondent with the purpose of reunifying respondent and Barbara. Respondent was provided forty-one visitation opportunities and only visited thirteen times, where she often arrived late, left early, and failed to engage in activities with Barbara. Respondent never provided GCDSS with proof that she attended required anger management treatment or substance abuse treatment. Respondent never provided any financial assistance during the entire six years that Barbara remained in foster care. Respondent continued to consume alcohol until nearly five weeks prior to the termination proceeding and consumed alcohol between court sessions during the termination proceeding.

This Court, in *In re Tate*, stated,

[t]he decision to terminate parental rights is often a heart-wrenching one for the court. On one hand, the court considers the interests of the parents who, despite shortcomings, have often formed a bond with his or her child. On the other hand, the court must consider the best interests of the child.

67 N.C. App. 89, 96, 312 S.E.2d 535, 540 (1984). Any one of the above grounds found by the trial court is supported by clear, cogent, and convincing evidence and is sufficient to terminate parental rights. The trial court did not abuse its discretion in deciding Barbara's best interests would be served by terminating respondent's parental rights and allowing Barbara to be adopted by the foster parents who had

cared for her since three weeks after her birth. *In re Taylor*, 97 N.C. App. at 64, 387 S.E.2d at 233-34. Respondent's assignment of error is overruled.

## VI. Conclusion

Respondent failed to show that reversible error was committed by the trial court in the unintelligible portions of the audio recording of the dispositional hearing. Respondent waived her right to assert the defenses of lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process. Respondent failed to show that the trial court abused its discretion in determining that Barbara's best interests would be served by terminating respondent's parental rights. The order of the trial court is affirmed.

Affirmed.

Judges McCULLOUGH and BRYANT concur.