MARTIN, Chief Judge.
Respondent Louis Orlando Turner, Jr. appeals from an order terminating his parental rights to the minor child Baby Boy M.
The materials before this Court reflect that the minor child was born on 13 August 1998 in Wake County, North Carolina. Pursuant to N.C. Gen. Stat. § 48-3-701 (2003), the minor child's mother relinquished her parental rights to the licensed child placement agency, Another Choice for Black Children, ("Another Choice") on 14 August 1998, and named respondent as the child's biological father on the "Acceptance of Relinquishment of Minor for Adoption by Parent or Guardian" form. Another Choice placed the minor child with a foster mother, petitioner Wilma Jean Hocutt, on 1 September 1998. On 15 November 2001, Hocutt filed a petition to terminate respondent's parental rights with the aim of adopting the minor child. Her petition alleged that, despite being contacted by Another Choice regarding the minor child in August and September of 1998, respondent missed three scheduled appointments with the agency in September of 1998, and thereafter "made no contact whatsoever with that agency." Petitioner raised the following grounds for termination: (1) respondent's willful failure "to pay any portion of the cost of the care and support of the minor child since the birth of the child on the 13th day of August, 1998[,]" and (2) respondent's willful failure to make any attempt to see or communicate with the minor child since 7 September 1998.
Following a hearing on the petition held 18 September 2002, the district court made the following relevant adjudicatory findings of fact and conclusions of law by clear, cogent and convincing evidence:
[Another Choice] and the Respondent did make contact with each other on August 25[] 1998. At that time the Respondent did receive correspondence from the placement agency.
The Respondent is a member of the United States Army and in 1998 was stationed in Korea.
The Respondent was in the United States on funeral leave from his assignment in Korea with the United States Army during the first week of September, 1998 but such leave was limited only to the time for the funerals of two (2) grandparents. While in the United States on leave, appointments were made for the Respondent to meet with . . . Another Choice on September 2, September 4, and September 5, 1998. [Respondent] failed to appear or contact the agency in regards to these appointments. Upon his return to Korea, the Respondent had lost the telephone number to the child placement agency.
None of the parents or siblings of the Respondent have contacted the placement agency regarding the minor child. There is no indication that the Respondent has attempted to locate the minor child since September, 1998. The Respondent indicated during testimony that he had lost the telephone number.
The placement agency, Another Choice, received information that the Respondent had returned to Korea on or about September 6, 1998 by contacting his father . . . .
The placement agency, Another Choice, has since 1998, maintained the same office and address. The Respondent has not contacted the placement agency since August or September, 1998 . . . in any attempt to seek custody of the minor child.
The minor child was placed with the Petitioner . . . approximately 2 weeks after his birth, on September 1, 1998 and continues to reside with the Petitioner. The minor child is currently four (4) years old . . . .
The Petitioner . . . is an adoptive parent having adopted two other minor children and express a desire to adopt the minor child . . . . The home of the Petitioner is an appropriate home for the minor child.
. . .
The Respondent has at no time contacted the Petitioner, however it is noted that the Respondent may not have had contact with the Petitioner because the Respondent did not know how to contact the Petitioner.
. . .
The Petitioner has never received any financial support for the minor child . . . from the Respondent.
The minor child . . . was born August 13, 1998, and placed with a licensed placement agency on or about September 1, 1998. This Petition to Terminate Parental Rights was filed November 15[], 2001. No efforts have been made during this time by the Respondent to contact the minor child.
. . .
Barbara Brown from Another Choice for Black Children testified that they have received no funds for [sic] the Respondent to help them care for this child.
Respondent had means to provide the cost of care of the child as he is employed with the Federal Government in the Armed Services.
The minor child receives assistance from Another Choice for Black Children and receives Medicaid.
Based on its findings, the court concluded that grounds for termination existed under, inter alia, N.C. Gen. Stat. § 7B-1111(a)(3), inasmuch as "[r]espondent has, for a continuous period of six (6) months next preceding the filing of the petition, willfully failed to pay a reasonable portion of the cost of care for the juvenile although physically and financially able to do so." The court further concluded that termination of respondent's parental rights was in the best interest of the minor child.
Respondent argues on appeal that the trial court's failure to enter its written order within thirty days of the termination hearing, as required by N.C. Gen. Stat. § 7B-1110(a) (2003), constitutes reversible error. He contends that the court's lengthy delay prevented him from proceeding with his appeal and deprived him of contact with the minor child.
We agree with respondent that the district court erred by failing to enter its written order within thirty days of the termination hearing. Indeed, the court did not file its order in this case until 3 December 2003, more than fourteen months after the 18 September 2002 hearing. However, we have previously held that a district court's untimely entry of an order terminating parental rights is not reversible error, absent actual prejudice to respondent, inasmuch as an automatic reversal would tend to contravene the legislative intent of expediting resolution of these cases. See In re E.N.S., 164 N.C. App. 146, 153, 595 S.E.2d 167, 172 (2004), disc. review denied, ___ N.C. ___, ___ S.E.2d ___, (December 2, 2004) (No. 277P04) ("[H]olding that . . . adjudication and disposition orders should be reversed simply because they were untimely filed would only aid in further delaying a determination regarding [a minor child's] custody because juvenile petitions would have to be re-filed and new hearings conducted."); see also In re J.L.K., 165 N.C. App. ___, ___, 598 S.E.2d 387, 390, disc. review denied, 359 N.C. 68, 604 S.E.2d 314 (2004) (finding "no authority compelling that the TPR order be vacated as a result" of the district court's untimely filing thereof).
We conclude the delay at issue here, while extreme, was harmless. Given that respondent made no attempt in more than four years to have any contact with the minor child, we reject his claim that the district court's delay somehow prejudiced his relationship with the child. Nor has he shown any prejudice to his instant appeal arising from the delay. Moreover, the record on appeal contains hand-written notations of the deputy clerk of district court, which indicate that at least a portion of the delay stemmed from the failure of respondent's counsel to respond to petitioner's proposed written findings of fact and conclusions of law. Nothing in the record suggests respondent ever sought relief from the district court or alerted it to the delay. Accordingly, we overrule this assignment of error.
Respondent next assigns error to the district court's conclusion that he willfully failed to pay a reasonable portion of the cost of the child's care under N.C. Gen. Stat. § 7B-1111(a)(3), in the absence of any findings or evidence regarding his income, living expenses, or ability to pay child care. Because respondent has not assigned error to the district court's individual findings of fact, its findings "are deemed supported by competent evidence and are conclusive on appeal." In re Tyson, 76 N.C. App. 411, 416, 333 S.E.2d 554, 557 (1985). Accordingly, we must determine only whether the court's findings support its conclusions of law.
Under N.C. Gen. Stat. § 7B-1111(a)(3), the district court may terminate a parent's parental rights if it finds by clear cogent and convincing evidence that
[t]he juvenile has been placed in the custody of . . . a licensed child-placing agency . . . or a foster home, and the parent, for a continuous period of six months next preceding the filing of the petition or motion, has willfully failed for such period to pay a reasonable portion of the cost of care for the juvenile although physically and financially able to do so.
N.C. Gen. Stat. § 7B-1111(a)(3)(2003). This Court has held that "nonpayment would constitute a failure to pay a `reasonable portion' if and only if respondent were able to pay some amount greater than zero." In re Bradley, 57 N.C. App. 475, 479, 291 S.E. 2d 800, 802 (1982).
Here, the court found by clear, cogent and convincing evidence that (1) the minor child had been placed with Another Choice since 14 August 1998, and with petitioner since 1 September 1998, (2) respondent had paid nothing to either Another Choice or petitioner to defray the cost of the child's care, and (3) "[r]espondent had means to provide the cost of care of the child as he is employed with the Federal Government in the Armed Services." While it is true that the court heard no evidence related to respondent's actual salary from the Army or the specific costs of the minor child's care, its findings of fact are sufficient to support the conclusion that respondent had the means to contribute some amount more than zero to the care of the minor child but willfully failed to do so. See In re McMillon, 143 N.C. App. 402, 410-11, 546 S.E.2d 169, 175, disc. review denied, 354 N.C. 218, 554 S.E.2d 341-42 (2001) ("[U]nder such circumstances, the trial court need not make detailed findings as to the amount that would be `reasonable' to expect from respondent.").
Having found a valid ground for the termination of respondent's parental rights under N.C. Gen. Stat. § 7B-1111(a)(3), we need not review the remaining grounds found by the district court. See In re Taylor, 97 N.C. App. 57, 64, 387 S.E.2d 230, 233-34 (1990). Moreover, although respondent has not challenged the district court's dispositional ruling that termination of his parental rights served the best interests of the minor child, we find no abuse of discretion by the court, in light of respondent's complete failure to make any attempt to contact the minor child and the child's satisfactory placement with petitioner, an adoptive foster parent, since 1 September 1998. See In re Howell, 161 N.C. App. 650, 657-58, 589 S.E.2d 157, 161 (2003).
To the extent respondent fails to address his remaining assignments of error in his brief to this Court, we deem them abandoned pursuant to N.C.R. App. P. 28(b)(6) (2004).
Affirmed.
Judges McCULLOUGH and CALABRIA concur.
Report per Rule 30(e).