**AUTEC, INC. v. SOUTHLAKE HOLDINGS, LLC**

.[169 N.C. App. 232 (2005)]

AUTEC, INC., Plaintiff v. SOUTHLAKE HOLDINGS, LLC, Defendant

No. COA04-761

(Filed 15 March 2005)

**1. Civil Procedure— Rule 12 motion to dismiss—after default judgment—Rule 60 motion as remedy**

The trial court did not err by denying defendant's motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b) on the ground that plaintiff did not comply with all of the requirements for service by publication. As defendant never submitted an answer nor made any motion before entry of default and default judgment, the defenses of lack of jurisdiction over the person, insufficiency of process, and insufficiency of service are deemed waived. Defendant can seek relief under Rule 60, but an appeal from a Rule 12(b) decision is not interchangeable with that of a Rule 60(b) decision because different standards of review apply.

**2. Appeal and Error— standard of review—appeals from Rule 12 and Rule 60**

Appeals under Rule 12(b)(2), (4), and (5) are reviewed de novo, except that findings are binding on appeal if supported by competent evidence. A ruling under Rule 60(b) is left to the sound discretion of the trial court.

Appeal by Defendant from judgment entered 20 February 2004 by Judge Kimberly Taylor in Superior Court, Iredell County. Heard in the Court of Appeals 15 February 2005.

*Caudle & Spears, P.A., by C. Grainger Pierce, Jr. and Christopher J. Loebsack for defendant-appellant.*

*Eisele, Ashburn, Greene & Chapman, P.A., by John D. Greene for plaintiff-appellee.*

WYNN, Judge.

Under Rule 12 of the North Carolina Rules of Civil Procedure, a party waives the defense of lack of jurisdiction over the person, insufficiency of process, or insufficiency of service of process if it is neither made by motion nor included in a responsive pleading. N.C. Gen. Stat. § 1A-1, Rule 12(h)(1) (2004). In this appeal, Defendant contends the trial court erred by denying its Rule 12(b) motions made after the

**AUTEC, INC. v. SOUTHLAKE HOLDINGS, LLC**

[169 N.C. App. 232 (2005)]

entry of default judgment. Since the proper method of attacking a final judgment is under Rule 60(b) of the North Carolina Rules of Civil Procedure (which the Defendant does not raise on appeal), we affirm the trial court's denial of Defendant's motion to dismiss under Rule 12(b).

Plaintiff, Autec, Inc., filed the Complaint in this action on 12 August 2002 against Defendant, Southlake Holdings, Inc., for the collection of a balance due for the sale and installation of car wash equipment. Summons was issued on the same date to Southlake's registered agent at its registered address.

The car wash at issue is located in Mecklenburg County, North Carolina. Southlake's registered agent was Kimberly E. Fox and the registered address was in Huntersville, North Carolina in Mecklenburg County.

On 13 August 2002, service was attempted by certified mail at the registered address but was returned with the notations "Not Deliverable as Addressed" and "Forwarding Order Expired." On 9 September 2002, Alias and Pluries summons were issued for two additional addresses obtained by Autec and mailed via certified mail. But those two service attempts were returned with the notation "Unclaimed." Service was also attempted by the Sheriff of Mecklenburg County but that attempt was unsuccessful.

Autec published a notice of service by publication on 17, 24, and 31 January 2003 in the <u>Mooresville Tribune</u> which has a circulation throughout southern Iredell County and around the Lake Norman shoreline.

On 19 March 2003, Autec filed an affidavit of publication along with a motion for entry of default and motion for default judgment. That same day, a default judgment was entered against Southlake.

On 10 December 2003, Southlake filed a motion to dismiss and motion to set aside the default judgment and entry of default. Following a hearing, the trial court denied Southlake's motions. Southlake appealed.

---

[1] On appeal, Southlake argues that the trial court erred in denying its motion to dismiss pursuant to Rules 12(b)(2), (4), and (5) of the North Carolina Rules of Civil Procedure as Autec did not comply with all requirements for service by publication. We disagree.

Rule 12(b) of the North Carolina Rules of Civil Procedure provides that,

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
>
> . . .
>
> (2) Lack of jurisdiction over the person,
>
> . . .
>
> (4) Insufficiency of process,
>
> (5) Insufficiency of service of process,
>
> . . .
>
> A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

N.C. Gen. Stat. § 1A-1, Rule 12(b) (2004). Rule 12 goes on to state that a defense of lack of jurisdiction over the person, insufficiency of process, or insufficiency of service of process is waived if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof. N.C. Gen. Stat. § 1A-1, Rule 12(h)(1) (2004).

As Southlake never submitted an answer nor made any motion before entry of default and default judgment, the defenses of lack of jurisdiction over the person, insufficiency of process, and insufficiency of service of process pursuant to Rule 12(b) are deemed waived. N.C. Gen. Stat. § 1A-1, Rule 12(h)(1). *See In re Howell*, 161 N.C. App. 650, 655, 589 S.E.2d 157, 160 (2003). We recognize that a defendant that is not properly served may not have notice to answer or move for dismissal under Rule 12(b). However, under our rules, Rule 12(b) does not provide a means for dismissing a judgment. But the fact that a defendant is deemed to have waived 12(b) defenses does not leave him without relief as he can seek relief under Rule 60. Thus, since a default judgment had already been entered, the trial court did not err in denying Southlake's motion to dismiss as this was deemed waived after the pleading stage.

## AUTEC, INC. v. SOUTHLAKE HOLDINGS, LLC

[169 N.C. App. 232 (2005)]

Indeed, the result desired by Southlake is a reversal of the default judgment on the basis of lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process. The proper method of attacking a final judgment is by a motion under Rule 60(b) of the North Carolina Rules of Civil Procedure. *Sink v. Easter*, 288 N.C. 183, 196, 217 S.E.2d 532, 540 (1975). However, Southlake did not assign as error the trial court's denial of its motion to set aside judgment under Rule 60(b) of the North Carolina Rules of Civil Procedure. Nor does Southlake cite or argue Rule 60(b) in its brief.

Rule 60(b)(4) of the North Carolina Rules of Civil Procedure allows the trial court to "relieve a party . . . from a final . . . order" if "[t]he judgment is void." N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) (2004). " '[A] judgment or order . . . rendered without an essential element such as jurisdiction or proper service of process . . . is void.' " *Van Engen v. Que Scientific, Inc.*, 151 N.C. App. 683, 689, 567 S.E.2d 179, 184 (2002) (quoting *County of Wayne ex rel. Williams v. Whitley*, 72 N.C. App. 155, 157, 323 S.E.2d 458, 461 (1984)). "If a judgment is void, it is a nullity and may be attacked at any time. Rule 60(b)(4) is an appropriate method of challenging such a judgment." *Burton v. Blanton*, 107 N.C. App. 615, 616-17, 421 S.E.2d 381, 383 (1992) (internal citations omitted).

**[2]** Moreover, an appeal under Rule 12(b)(2), (4), and (5) cannot be treated the same as an appeal under Rule 60(b)(4), as the standards of review are different. This court reviews a trial court's ruling under Rule 12(b)(2), (4), and (5) *de novo*, except that if the trial court made findings of fact, those findings are binding on appeal if supported by competent evidence. *Harper v. City of Asheville*, 160 N.C. App. 209, 215, 585 S.E.2d 240, 244 (2003). Whereas, a motion under Rule 60(b) is left to the sound discretion of the trial court, and the trial court's ruling will not be disturbed on appeal without a showing that the court abused its discretion. *Harris v. Harris*, 307 N.C. 684, 687, 300 S.E.2d 369, 372 (1983). As a motion under Rule 60(b) has a much higher burden to overturn a decision on appeal than Rule 12(b), an appeal from a Rule 12(b) motion is not interchangeable with that of a Rule 60(b) motion.

In sum, Rule 60(b) would have been the proper rule to include in the assignments of error and brief, however, as Southlake neither raised nor addressed this issue, the motion pursuant to Rule 60(b) is not before this Court. Accordingly, we affirm the trial court's denial of Defendant's motions under Rule 12(b).

Affirmed.

Judges HUDSON and STEELMAN concur.