IN RE: MELISSA TAYLOR, A MINOR CHILD BORN ON MARCH 1, 1977; JAMES (JIMMY) TAYLOR, A MINOR CHILD BORN ON JULY 24, 1978; CYNTHIA (CINDY) TAYLOR, A MINOR CHILD BORN ON OCTOBER 13, 1979; AND JOYCE TAYLOR, A MINOR CHILD BORN ON SEPTEMBER 5, 1981; H. GENE HERELL, DIRECTOR OF THE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER v. JAMES TAYLOR AND CAROLYN TAYLOR, PARENTS OF MELISSA TAYLOR, JAMES (JIMMY) TAYLOR, CYNTHIA (CINDY) TAYLOR, AND JOYCE TAYLOR, RESPONDENTS

No. 8920DC447

(Filed 16 January 1990)

### 1. Parent and Child § 1.5 (NCI3d) — termination of parental rights — sufficiency of notice of hearing

Respondents had notice that a hearing on a petition to terminate their parental rights was to be held within 30 days where the initial hearing was scheduled for 1 August 1988; respondent parents and various representatives of the Department of Social Services were present in court on that date; the judge appointed counsel for respondents, a guardian *ad litem* for the children and an advocate for the guardian; he then continued the hearing until 29 August; and given that all parties had notice on 1 August that a hearing would be held, there was no possibility that respondents were unfairly surprised or that their ability to contest the Department of Social Services' petition at the 7 October hearing was in any way prejudiced by their receipt of notice on 3 October. N.C.G.S. § 7A-289.29(b).

**Am Jur 2d, Parent and Child §§ 34, 35.**

### 2. Parent and Child § 1.6 (NCI3d) — termination of parental rights — hearing to determine issues for adjudication — procedure adequate

Even if respondents had properly preserved for appeal an issue as to whether the trial judge erred by failing to hold a separate hearing to determine the issues to be adjudicated at the hearing to terminate parental rights, it was sufficient in this case that the issues for adjudication were delineated immediately prior to the commencement of the hearing. N.C.G.S. § 7A-289.29(b).

**Am Jur 2d, Parent and Child §§ 34, 35.**

IN RE TAYLOR

[97 N.C. App. 57 (1990)]

3. **Parent and Child § 1.6 (NCI3d)— termination of parental rights—child in foster care for 18 months—time not necessarily continuous**

There was no merit to respondents' contention that N.C.G.S. § 7A-289.32(3) (1986), the statute providing for termination of parental rights if the parent has willfully left the child in foster care for more than 18 months under certain circumstances, required that the 18 months be *continuous*.

**Am Jur 2d, Parent and Child §§ 34, 35.**

4. **Parent and Child § 1.6 (NCI3d)— termination of parental rights—sufficiency of evidence**

In a proceeding to terminate parental rights evidence was sufficient to support the trial court's finding that respondents failed to make reasonable progress toward improving home conditions during the period in which their children were in foster care where the evidence tended to show that the children went into foster care because of respondent father's heavy drinking and the dirty and unsanitary conditions in their home; the Department of Social Services offered assistance on a continuing basis to educate and assist respondent mother in housekeeping duties, including providing homemaker services on a set schedule, but the homemaker was only able to find respondent mother home on two occasions; on announced and unannounced visits social service workers often found clothes piled around the house, dirty floors, old food lying around, dirty bathrooms, trash in the yard, and generally unsanitary conditions; respondents entered into three separate Parent/Agency Agreements with the Department of Social Services, all of which outlined basic objectives for the return of the children to the home and proper maintenance of the household; at times respondents showed a willingness to provide properly for the children which led to a trial placement in their home; but the children had to go back into foster care due to problems again including poor sanitation in the house, lack of food, and poor living conditions.

**Am Jur 2d, Parent and Child §§ 34, 35.**

APPEAL by respondents from order entered 7 October 1989 in UNION County District Court by *Judge Ronald W. Burris*. Heard in the Court of Appeals 8 November 1989.

IN RE TAYLOR

[97 N.C. App. 57 (1990)]

*Griffin, Caldwell & Helder, P.A., by Jake C. Helder, for petitioner-appellee.*

*Joe P. McCollum, Jr., for guardian ad litem-appellee.*

*Painter & Long, by Richard G. Long, Jr., for respondent-appellants.*

BECTON, Judge.

Respondents, James Taylor and Carolyn Taylor, appeal an order terminating their rights as parents of their four minor children. For the reasons that follow, we affirm.

I

Petitioner, Union County Department of Social Services ("DSS"), filed a petition to terminate the Taylors' parental rights on 25 May 1988. The Taylors' children have, since February 1985, been in the legal custody of DSS, with their physical custody alternating between the Taylors and foster care. DSS alleged in its petition that the Taylor children were adjudicated neglected in February 1985 and continued to be neglected by their parents within the meaning of N.C. Gen. Stat. Sec. 7A-517(21) (Cum. Supp. 1988) and Sec. 7A-289.32(2) (1986). The Department also claimed that the Taylors had willfully left their children in foster care for more than 18 months without showing a positive response to the efforts of DSS to strengthen the parental relationship and without showing reasonable progress toward correcting the conditions in the home. It further alleged that the Taylors had failed to pay a reasonable portion of the cost of the children's care, despite their having the physical and financial ability to do so.

A hearing on the petition, scheduled originally for 1 August 1988, was continued until 29 August so that counsel for the Taylors and a guardian *ad litem* for the children could be appointed. The hearing took place on 7 October. After hearing the evidence, the judge entered an order terminating the Taylors' parental rights, and they appealed.

II

The Taylors first claim that they were not furnished with notice of the hearing within the time period mandated by statute. In a related assignment of error, they complain that the hearing to determine the issues raised by the petition was not held sep-

arately from the termination hearing. We hold that notice in this case was properly given and that no error occurred concerning the preliminary hearing.

### A

[1] N.C. Gen. Stat. Sec. 7A-289.29(b) (1986) requires that a special hearing on a petition to terminate parental rights be held "after notice of not less than 10 days nor more than 30 days" to the parties. The purpose of the hearing is "to determine the issues raised by the petition and answer(s)." *Id.* In this case, the initial hearing was scheduled for 1 August 1988. The Taylors and various representatives of DSS were present in court on that date. The judge appointed counsel for the Taylors, a guardian *ad litem* for the children, and an advocate for the guardian. He then continued the hearing until 29 August. The parties thus had notice that a hearing was to be held within 30 days.

The special hearing and the termination hearing took place on 7 October. The Taylors received notice of the hearing date via a Juvenile Summons which was served on them on 3 October. The Taylors contend on appeal, as they argued at the hearing, that they were entitled to notice at least ten days prior to 7 October. We disagree. The notice requirement of Section 7A-289.29(b) was met when the judge, on 1 August, scheduled the hearing for 29 August. It was sufficient, under the statute, that the parties had proper notice of that hearing date. We do not read Section 7A-289.29(b) as prescribing the rules for notice when a hearing is continued. Given that all parties had notice on 1 August that a hearing would be held, we see no possibility in this case that the Taylors were unfairly surprised or that their ability to contest DSS' petition at the 7 October hearing was in any way prejudiced by their receipt of notice on 3 October. *Cf. M.G. Newell Co., Inc. v. Wyrick,* 91 N.C. App. 98, 101, 370 S.E.2d 431, 434 (1988) (purpose of notice to enable one to prepare defense). We overrule this assignment of error.

### B

[2] The Taylors next argue that the judge erred by failing to hold a separate hearing to determine the issues to be adjudicated at the termination hearing. *See* Sec. 7A-289.29(b). Initially, we note that the Taylors' lawyer did not object when counsel for DSS recited the issues immediately prior to the beginning of the hear-

ing. The lawyer, in fact, said that the recitation was "sufficient . . . just as long as the issues were read into the record." Ordinarily, a failure to object waives a party's right to later assign error. N.C. R. App. P. 10(b)(1) (1989). When, however, a judge acts in contravention of a statute to the prejudice of a party, the right to appeal is preserved notwithstanding the failure to enter an objection. *See State v. Ashe*, 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985).

This court has held that a "brief" special hearing held "just prior to the trial" does not conflict with the requirements of Section 7A-289.29(b). *In re Peirce*, 53 N.C. App. 373, 383, 281 S.E.2d 198, 204 (1981). We noted in that case that the statute "does not prescribe the exact form the special hearing is to take except that it is to be used to determine the issues raised by the pleadings." *Id.* at 382, 281 S.E.2d at 204. It was sufficient in this case that the issues for adjudication were delineated prior to the commencement of the termination hearing itself. Even had the Taylors properly preserved this issue for appeal, therefore, we would find no error under Section 7A-289.29(b).

## III

The Taylors assign error to the judge's failure to allow their motion to dismiss two causes of action contained in DSS' petition. The first of these causes of action alleged that the Taylors had left the children in foster care for a period of 18 months prior to the filing of the petition, without showing a positive response to the efforts of DSS to strengthen the family unit and without showing reasonable progress, under the circumstances, toward correcting the conditions that led to the children's removal from the home. In related assignments of error, the Taylors argue that the judge's findings of fact and conclusions of law with regard to this issue are not supported by the evidence.

## A

[3] N.C. Gen. Stat. Sec. 7A-289.32(3) (1986) provides that parental rights may be terminated if "[t]he parent has willfully left the child in foster care for more than 18 months without showing to the satisfaction of the court that reasonable progress under the circumstances has been made . . . ." The Taylors argue that the statute requires that the parent willfully leave the child in foster care for 18 *continuous* months. The record shows that the Taylor children, since 1985, have spent more than 18 months under foster

care. From June 1986 until May 1987, however, the children lived with their parents on a trial basis. There is thus no period of foster care for 18 consecutive months.

The legislature amended subsection (3) in 1985; prior to the amendment, the statute required the parent to have left the child in foster care "for more than two consecutive years." *See* comment to Sec. 7A-289.32 (1986). The amended subsection shortened the period to an excess of 18 months and eliminated the word "consecutive." We agree with DSS that "consecutive" would have been retained in the new statute had the legislature intended the period of foster care to be 18 continuous months. We further agree with the Department that a contrary reading of the statute might potentially undermine efforts to reestablish the family unit by causing agencies to be apprehensive about placing children with their parents for trial periods. The Taylors' motion to dismiss this cause of action was properly denied.

B

[4] The Taylors advance the same argument in contending that the judge's findings of fact and conclusion of law with regard to the period of foster care are inadequate to support the order of termination. Having held that the period of foster care need not be 18 continuous months under Section 7A-289.32(3), we address whether there is clear, cogent and convincing evidence in the record to support the judge's findings of fact and conclusion of law with regard to this issue. N.C. Gen. Stat. Sec. 7A-289.30(e) (1986).

The following findings by the judge are pertinent:

7. The children came into the custody of the Union County Department of Social Services in October of 1983 due to the respondent father's heavy drinking and the dirty and unsanitary conditions in the Taylor residence. Those conditions have continued to exist at various times during the placement of the children in foster care. The respondent mother has shown an ability to provide basic housekeeping services for the family but has not done so on a continuing basis. The Union County Department of Social Services staff offered assistance on a continuing basis to educate and assist the respondent mother in these duties, including providing homemaker services on a set schedule, but the homemaker was only able to find the respondent mother home on two occasions. On announced and

unannounced visits social service workers often found clothes piled around the house, dirty floors, old food lying around, dirty bathrooms, trash in the yard and generally unsanitary conditions.

\* \* \* \*

14. [The Taylors] have entered into three separate Parent/Agency Agreements with the Union County Department of Social Services, all of which outlined basic objectives for the return of the children to the home and proper maintenance of the household. At times, the parents have shown a willingness to properly provide for the children and this led to a trial placement in their home in June of 1986 . . . . The children came back into foster care on May 1, 1987, due to problems again . . . [including] poor sanitation in the house, not enough food in the home and poor living conditions despite continued employment by Mr. Taylor. The children have remained in foster care since that date. The parents have shown no improvement or willingness to follow through with correcting the conditions which led to the children being placed in foster care.

The evidence in the record provides clear, cogent and convincing support of these findings by the judge. Although the Taylors concede that "the majority of the Court's findings of fact in Paragraph 14 are supported by the evidence," they contend that the finding contradicts itself by stating that the Taylors have "shown a willingness to properly provide for the children . . . ." However, the fact that the Taylors showed a willingness to provide for their children in 1986 does not preclude a finding that they have failed to make "reasonable progress under the circumstances." See In re Tate, 67 N.C. App. 89, 94, 312 S.E.2d 535, 539 (1984). We hold that the record demonstrates a failure on the part of the Taylors to make reasonable progress toward improving the home conditions during the period in which their children were in foster care, and we uphold the judge's finding.

In addition to showing a failure to make reasonable progress, Section 7A-289.32(3) requires that DSS prove, by clear, cogent and convincing evidence, respondents' lack of a "positive response" to the Department's "diligent efforts . . . to encourage the parent to strengthen the parental relationship to the child[ren] or to make and follow through with constructive planning for the future of

the child[ren]." *See In re Harris*, 87 N.C. App. 179, 185, 360 S.E.2d 485, 488 (1987). The judge made this required finding, and we hold that it is supported by the record. In *Harris*, this court said that the judge's finding of failure to show positive response could not stand in the absence of findings "showing [DSS'] attempt to provide services or counsel to [the father] or even showing [DSS'] attempt to locate him." *Id.* In contrast to *Harris*, the findings we have recited above show the continuing efforts of DSS to assist the Taylors so as to reestablish the family unit. The record discloses the Taylors' failure to respond positively to these efforts.

We hold, therefore, that the evidence in this case supports the judge's findings of fact and conclusion of law as to Section 7A-289.32(3).

C

A finding of any one of the grounds enumerated at Section 7A-289.32 will support a judge's order of termination. *In re Pierce*, 67 N.C. App. 257, 261, 312 S.E.2d 900, 903 (1984). The properly supported findings and conclusion addressing the period of foster care, therefore, provide a sufficient basis for us to affirm the order of the trial judge. We note, in addition, that the judge ordered termination on other grounds, including neglect, Section 7A-289.32(2). The evidence in the record, in our view, equally supports termination on this ground.

IV

The order of the trial judge terminating the parental rights of the Taylors is, for the reasons stated above,

Affirmed.

Judges PHILLIPS and GREENE concur.