IN RE: D.J.D., A Minor Child.
No. COA06-1627
Court of Appeals of North Carolina.
Filed August 7, 2007
This case not for publication
Martin & Van Hoy, LLP, by Sally W. Smith, for petitioner-appellee mother.
Lynne Hicks for appellee Guardian ad Litem.
Mercedes O. Chut for respondent-appellant father.
HUNTER, Judge.
Respondent father ("respondent") appeals the order terminating his parental rights as to the minor child D.J.D. After careful review, we affirm.
At the age of fifteen, D.J.D.'s mother became pregnant by respondent while the two were dating in 1998. The couple broke up when she was four or five months into the pregnancy. D.J.D. was born on 23 March 1999. At no time were respondent and D.J.D.'s mother married. D.J.D. has been in his mother's custody since birth and has never met respondent. D.J.D.'s mother petitioned the court to terminate respondent's parental rights on 4 November 2004. On 10 April 2006, an order was filed terminating respondent's parental rights as to D.J.D., finding two grounds: (1) the child was born out of wedlock and had not been legitimated by respondent per N.C. Gen. Stat. § 7B-1111(a)(5), and (2) respondent willfully abandoned D.J.D. for at least six months immediately preceding the filing of the petition per N.C. Gen. Stat. § 7B-1111(a)(7). Respondent appeals.
This Court's review of a trial court's order terminating parental rights involves two inquiries: Whether the trial court's findings of fact are supported by clear, cogent, and convincing evidence, and whether those findings support its conclusions of law. In re Allred, 122 N.C. App. 561, 565, 471 S.E.2d 84, 86 (1996). A finding by the trial court of any one of the grounds enumerated in N.C. Gen. Stat. § 7B-1111 is sufficient to support an order of termination. In re Taylor, 97 N.C. App. 57, 64, 387 S.E.2d 230, 233-34 (1990).
The complete grounds given by N.C. Gen. Stat. § 7B-1111(a)(5) (2005) for terminating parental rights are as follows:
(5) The father of a juvenile born out of wedlock has not, prior to the filing of a petition or motion to terminate parental rights:
a. Established paternity judicially or by affidavit which has been filed in a central registry maintained by the Department of Health and Human Services; provided, the court shall inquire of the Department of Health and Human Services as to whether such an affidavit has been so filed and shall incorporate into the case record the Department's certified reply; or
b. Legitimated the juvenile pursuant to provisions of G.S. 49-10 or filed a petition for this specific purpose; or
c. Legitimated the juvenile by marriage to the mother of the juvenile; or
d. Provided substantial financial support or consistent care with respect to the juvenile and mother.
Id.
Respondent assigns error to findings of fact 6-8 and 13-15. Of those, numbers 6-8 and 13 are relevant to the question of legitimizing D.J.D. and thus the grounds enumerated in N.C. Gen. Stat. § 7B-1111(a)(5):
6. The Respondent father did not legitimate the child, D.J.D.[,] pursuant to G.S. 49-10 nor did he file a petition for that purpose. The child was not legitimated by marriage of his father to the mother. The Respondent has failed to provide any support or financial assistance for the child, D.J.D.
7. Since the child was born on [redacted], the Respondent father has had no contact with the child. He sent no cards and no letters, except for one letter sent in September of 2005 after [this] petition was filed. The Respondent did not communicate with the mother, or the child, in any manner whatsoever after the child was born.
8. The Respondent father has failed to provide any support and has not attempted to contact the child in any way. The father was incarcerated when the child was about 5 months old. The father is in prison for conspiracy to commit murder. Since he has been in prison, the father has been on work release for a least part of the term of his imprisonment. The father has never supported the child financially.
. . .
13. Except for one letter from the Respondent in September of 2005, there has been no contact between the Respondent and the child since the child was born.
Respondent does not actually dispute the facts that he did not marry D.J.D.'s mother, that he did not file a petition pursuant to N.C. Gen. Stat. § 49-10 to legitimize the child, or that he did not attempt to establish paternity through judicial or other channels. What respondent does is to give excuses for not doing so. The excuses are that respondent was young, though he was eighteen and nineteen during the pregnancy and birth; that he was excluded from discussions about the baby by both of the baby's grandmothers; that no one attempted to establish the baby's paternity; and that D.J.D.'s mother married someone else before the baby's birth. Each of these excuses is simply an attempt to place the blame for respondent's failure to take any action to legitimize the child on other parties. Respondent can cite to no case law supporting these excuses as creating an exception to this ground for termination, and respondent's own inertia cannot logically be considered justification for his failure to participate or even acknowledge his child.
The one portion of N.C. Gen. Stat. § 7B-1111(a)(5) that respondent actually produces evidence to dispute is the last: He argues that he did in fact "[p]rovide[] substantial financial support or consistent care with respect to the juvenile and mother." Id. However, the testimony to which he points shows only that his parents might have made offers of financial assistance, such as purchasing clothing for the mother during her pregnancy;that respondent's mother might have purchased items for a nursery in her home; and that respondent himself "gave [the mother's] dad some money to help with gas. He gave some money to eat on . . . for [her] doctor visits." This testimony refers to the time before D.J.D. was born. Even if all of these statements are true, surely a handful of offers in the almost eight years since D.J.D. was conceived cannot constitute "substantial financial support[,]" and the fact that he has never laid eyes on D.J.D. is certainly competent evidence that he has not provided "consistent care[.]" N.C. Gen. Stat. § 7B-1111(a)(5)d.
It is true that respondent has been in prison for all but the first five months of D.J.D.'s life. However, he was employed and not in prison for those five months and the nine months previous, when the mother was pregnant with D.J.D. Further, respondent has been on work release since April 2005, but there is no evidence that he has contributed financially or provided care for D.J.D. or the child's mother.
In the face of this evidence, we affirm the termination of respondent's parental rights as to the minor child D.J.D. pursuant to N.C. Gen. Stat. § 7B-1111(a)(5).
Affirmed.
Judges WYNN and BRYANT concur.
Report per Rule 30(e).