IN THE MATTER OF: B.G.R., A MINOR CHILD.
No. COA08-938
Court of Appeals of North Carolina
Filed January 6, 2009
This case not for Publication
J. David Abernethy, for petitioner-appellee Catawba County Department of Social Services.
Don Willey, for respondent-appellant father.
Melanie Stewart Cranford, for guardian ad litem.
WYNN, Judge.
Under N.C. Gen. Stat. § 7B-1111(a)(1) (2007), a trial court may terminate parental rights upon a finding of neglect. Respondent-Father appeals from an order terminating his parental rights, arguing that the evidence was insufficient to support the factual findings that led the trial court to conclude the minor child was neglected. Because we find that clear and convincing evidence supports the trial court's findings of fact, which support the conclusion that the minor child was neglected, we affirm.
On 16 March 2007, the Catawba County Department of Social Services ("DSS") filed a petition alleging that B.G.R. was a neglected and dependent juvenile. Before the filing of the petition, B.G.R. lived with his mother. DSS alleged that the Mother had drug and alcohol issues, including testing positive for marijuana and cocaine. DSS also received reports that the Mother took B.G.R. with her "while she goes partying." On 23 February 2007, the Mother contacted a social worker and told her that her sister had "cut of[f] the electricity and was moving out of the home." The Mother informed the social worker that she could not afford to live in the home without the sister's assistance. Thereafter, the Mother moved into a home with Crystal Baines, who had a lengthy criminal record including numerous drug charges. As of 13 March 2007, the Mother's car had been impounded and she was unemployed.
DSS further stated that the Mother and the Father did not live together. The Father lived in a one-bedroom home with two roommates, and he slept on the couch. DSS stated that it visited the Father on 2 March 2007, and he informed the Department that "he did not know if he could keep the child." DSS claimed that the Father "had the odor of alcohol on his breath, and stated that he was drinking prior to coming to work." DSS alleged that there was mold in the kitchen and bathroom areas of the Father's home. DSS assumed custody of B.G.R. by non-secure custody order. On 26 June 2007, nunc pro tunc 1 May 2007, B.G.R. was adjudicated an abused and neglected juvenile based on stipulated findings.
On 3 January 2008, DSS filed a motion in the cause to terminate the Father's and the Mother's parental rights. DSS alleged two grounds for terminating the Father's parental rights: (1) the Father neglected B.G.R. pursuant to N.C. Gen. Stat. § 7B-1111(a)(1); and (2) B.G.R. was born out of wedlock, and the Father failed to either establish paternity, legitimate the child, or provide substantial financial support or consistent care with respect to the child and the Mother, pursuant to N.C. Gen. Stat. § 7B-1111(a)(5) .
Hearings were held on the petition to terminate the Father's parental rights on 28 and 29 April 2008. Prior to the hearings, the Mother signed a relinquishment of the child for adoption. The trial court concluded that grounds existed pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) and (5) to terminate the Father's parental rights . The trial court further concluded that it was in the child's best interest that the Father's parental rights be terminated. Accordingly, the trial court entered an order terminating the Father's parental rights, from which he appeals.
The Father's sole argument on appeal is that there was insufficient evidence to support the trial court's finding that grounds existed pursuant to N.C. Gen. Stat. § 7B-1111 to terminate his parental rights. After careful review of the record, briefs, and contentions of the parties, we affirm.
N.C. Gen. Stat. § 7B-1111 sets out the statutory grounds for terminating parental rights. A finding of any one of the separately enumerated grounds is sufficient to support a termination. In re Taylor, 97 N.C. App. 57, 64, 387 S.E.2d 230,233-34 (1990) (citations omitted). "The standard of appellate review is whether the trial court's findings of fact are supported by clear, cogent, and convincing evidence and whether the findings of fact support the conclusions of law." In re D.J.D., 171 N.C. App. 230, 238, 615 S.E.2d 26, 32 (2005) (citing In re Huff, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000), disc. review denied, 353 N.C. 374, 547 S.E.2d 9, 10 (2001)).
A "neglected juvenile" is defined in N.C. Gen. Stat. § 7B-101(15) as:
[a] juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare; or who has been placed for care or adoption in violation of law.
N.C. Gen. Stat. § 7B-101(15) (2007). "A finding of neglect sufficient to terminate parental rights must be based on evidence showing neglect at the time of the termination proceeding." In re Young, 346 N.C. 244, 248, 485 S.E.2d 612, 615 (1997) (citations omitted). However, "a prior adjudication of neglect may be admitted and considered by the trial court in ruling upon a later petition to terminate parental rights on the ground of neglect." In re Ballard, 311 N.C. 708, 713-14, 319 S.E.2d 227, 231 (1984) .
In the case sub judice, B.G.R. was adjudicated neglected on 26 June 2007 based on a stipulated settlement. At disposition, to address the neglect, the trial court ordered the Father to: (1) obtain a substance abuse assessment and comply with treatment recommendations; (2) submit to random alcohol and drug screens; (3) maintain employment; and (4) obtain housing suitable for placement of the child. The Father failed to comply with the trial court's dispositional order.
In its order terminating the Father's parental rights, the trial court made the following findings:
13. The father obtained an alcohol and drug assessment on May 9, 2007, which recommended twenty hours of treatment based upon a diagnosis of cannabis abuse.
14. The father tested positive for marijuana on May 14, 2007. His visitation was reduced to one hour per week following his positive drug screen.
15. The father took eight hours of substance abuse classes in four sessions at Alcohol and Drug Services of Catawba County between June 5 and June 19, 2007. He then missed ten sessions between June 21 and August 2, 2007; the father stated he had lost a friend and didn't want to attend classes.
16. Alco-sensor tests on the father on May 14, June 4, and August 17, 2007, were negative. He tested negative for drugs on June 4, 2007. The father again tested positive for marijuana on July 2, 2007, July 16, 2007, and July 27, 2007. He tested diluted on July 27, 2007, and August 17, 2007. He was ordered to take forty hours of treatment as a result. He was requested to complete substance abuse treatment before starting parenting classes.
17. The father attended twelve hours of substance abuse classes in six sessions at Alcohol and Drug Services of Catawba County between August 20 and September 24, 2007. He then missed three sessions on September 28, October 1, and October 5, 2007. The father was told he had to start classes again at another facility, as Alcohol and Drug Services of Catawba County was to close in December of 2007.
18. The father did not report for drug screens on November 13, November 16, November 19, November 20, or December 7, 2007.
19. The father visited the child on September 21 and 28, October 12, and October 19, 2007, and missed visits on October 4 and 18, 2007. . . .
20. The father once more tested positive for marijuana on October 26, 2007.
. . .
22. The father has not visited the child since January of 2008.
23. The father contacted Cognitive Connections, an agency located in Catawba County, North Carolina, to take substance abuse classes. The father failed to keep three appointments he made with that agency, and did not ever keep an appointment there. The father was visiting the mother's brother in South Carolina when one appointment was missed; he did not keep another due to lack of transportation, and was working at the time of another appointment. As of today, the father still has not completed his forty hours of recommended substance abuse treatment.
24. The father was employed at Market Basket. . ., but lost that employment after he had a disagreement with his supervisor in March of 2008. Presently, he is unemployed.
. . .
26. The father and the mother are now living together again. The mother has failed to significantly address the issues that brought the child into care, and has signed an adoption relinquishment regarding the child.
The Father did not assign error to findings of fact 13, 14, 15, 16, 18, 20, and 23. Thus, these findings of fact are deemed supported by competent evidence and are conclusive on appeal. See In re Padgett, 156 N.C. App. 644, 648, 577 S.E.2d 337, 340 (2003). The Father assigned error to findings of fact 19, 22, and 24, but does not argue that the trial court erred in these findings regarding visitation or employment. Therefore, the findings of fact are deemed to be supported by sufficient evidence, and are binding on appeal. N.C. R. App. P. 28(b)(6); see also In re P.M., 169 N.C. App. 423, 424, 610 S.E.2d 403, 404-05 (2005) (concluding respondent had abandoned factual assignments of error when she "failed to specifically argue in her brief that they were unsupported by evidence"). Regarding finding of fact 17, DSS concedes that the Father completed fourteen, rather than twelve, hours of substance abuse sessions. Otherwise, we find sufficient evidence to support the trial court's finding.
It is apparent from the trial court's findings that the Father failed to adequately address his substance abuse issues, did not sufficiently visit the child, and at the time of the hearing, was unemployed. Additionally, the Father had resumed living with the Mother, who had taken no steps to address her parental issues. Thus, by relation to the Mother's shortcomings, the Father failed to obtain suitable housing for placement of the child. Therefore, based on the clear, cogent, and convincing evidence in the record and accordant findings, the trial court properly concluded that the Father neglected B.G.R., and that there was a probability of repeated neglect. See In re P.M., 169 N.C. App. at 426-27, 610 S.E.2d at 406 (affirming adjudication of neglect where mother failed to take responsibility for harm that befell her children as a result of her conduct). Accordingly, we hold that sufficient grounds existed for termination of the Father's parental rights under N.C. Gen. Stat. § 7B-1111(a)(1).
Since the existence of one ground under N.C. Gen. Stat. § 7B-1111(a)(1) is sufficient to support termination of the Father's parental rights, we do not reach the remaining ground found by the trial court. See Taylor, 97 N.C. App. at 64, 387 S.E.2d at 233-34. Accordingly, we affirm.
Affirmed.
Judges BRYANT and CALABRIA concur.
Report per Rule 30(e) .