IN THE MATTER OF: D.L.M., L.S., C.S. C.S., C.S., S.S.
No. COA08-1113
Court of Appeals of North Carolina.
Filed April 7, 2009
This case not for publication
No brief for petitioner-appellee.
Duncan B. McCormick, for respondent-appellant mother.
ELMORE, Judge.
Respondent-mother (respondent) appeals from orders terminating her parental rights to D.L.M., L.S., C.S., C.S., C.S., and S.S. After careful review, we affirm.
On 16 August 2002, the Pasquotank County Department of Social Services (DSS) filed petitions alleging that D.L.M., L.S., C.S., C.S., C.S., and S.S. were neglected and dependent juveniles. On 23 August 2002, DSS assumed custody of the children by non-secure custody order after the maternal great-grandmother of the children (petitioner) reportedly found L.S., C.S., C.S., C.S., and S.S. alone when she returned home from work. At the time, D.L.M. was in New Jersey with his father.
On 20 September 2002, in open court, the district court entered an order adjudicating L.S., C.S., C.S., C.S., and S.S. neglected and dependent juveniles; a written order to the same effect was filed on 26 November 2002. On 12 November 2002, in open court, the district court adjudicated D.L.M. a neglected and dependent juvenile; a written order to the same effect was filed on 15 December 2002. On 23 September 2005, nunc pro tunc 14 May 2003, legal and physical custody of the children was placed with petitioner.
On 10 December 2007, petitioner filed petitions to terminate respondent's parental rights. Petitioner alleged three grounds for termination: (1) that respondent had neglected the juveniles within the meaning of N.C. Gen. Stat. § 7B-101(15), pursuant to N.C. Gen. Stat. § 7B-1111(a)(1); (2) that respondent had willfully left the juveniles in foster care for more than twelve months without showing that reasonable progress under the circumstances had been made in correcting those conditions that led to the children's removal, pursuant to N.C. Gen. Stat. § 7B-1111(a)(2); and (3) that respondent had willfully abandoned the juveniles for at least six consecutive months immediately proceeding the filing of the petition, pursuant to N.C. Gen. Stat. § 7B-1111(a)(7).
Hearings were held on the petition to terminate respondent's parental rights on 29 April 2008 and 16 May 2008. The trial court concluded that grounds existed pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) and (2) to terminate respondent's parental rights. The court further concluded that it was in the children's best interest that respondent's parental rights be terminated. Accordingly, on 12 June 2008, nunc pro tunc 19 May 2008, the trial court terminated respondent's parental rights. Respondent appeals.
The threshold issue for this Court to consider on appeal is whether the trial court acquired jurisdiction of the subject matter of this juvenile action. Respondent argues that the trial court lacked subject matter jurisdiction because the summonses did not name the juveniles as respondents.
Section 7B-1106 of the North Carolina General Statutes provides in pertinent part:
(a) Except as provided in G.S. 7B-1105, upon the filing of the petition, the court shall cause a summons to be issued. The summons shall be directed to the following persons or agency, not otherwise a party petitioner, who shall be named as respondents:
. . .
(5) The juvenile.

N.C. Gen. Stat. § 7B-1106(a)(5) (2007) (emphasis added). This Court has held that the failure to issue a summons to the juvenile as a respondent in accordance with N.C. Gen. Stat. § 7B-1106(a)(5) deprives the trial court of subject matter jurisdiction. In re K.A.D., 187 N.C. App. 502, 502, 653 S.E.2d 427, 429 (2007); see also In re C.T. & R.S., 182 N.C. App. 472, 475, 643 S.E.2d 23, 23 (2007).
However, our Supreme Court recently determined that "the trial court's subject matter jurisdiction attached upon issuance of a summons[,]" and it was "inconsequential to the trial court's subject matter jurisdiction that no summons named any of the three juveniles as respondent . . . ." In re J.T., ___ N.C. ___, ___, 672 S.E.2d 17, 19 (2009). Therefore, in accordance with In re J.T., we conclude that subject matter jurisdiction was conferred on the trial court when the summonses were issued in this case.
Respondent next argues that the trial court erred by finding that grounds existed pursuant to N.C. Gen. Stat. § 7B-1111(a)(2) to terminate her parental rights. We disagree.
Section 7B-1111 of the North Carolina General Statutes sets out the statutory grounds for terminating parental rights. A finding of any one of the separately enumerated grounds is sufficient to support a termination. In re Taylor, 97 N.C. App. 57, 64, 387 S.E.2d 230, 233-34 (1990). "The standard of appellate review is whether the trial court's findings of fact are supported by clear, cogent, and convincing evidence and whether the findings of fact support the conclusions of law." In re D.J.D., 171 N.C. App. 230, 238, 615 S.E.2d 26, 32 (2005) (citing In re Huff, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000)).
In the case sub judice, the trial court concluded grounds existed pursuant to N.C. Gen. Stat. § 7B-1111(a)(2) to terminate respondent's parental rights. This Court has stated that:
[T]o find grounds to terminate a parent's rights under G.S. § 7B-1111(a)(2), the trial court must perform a two part analysis. The trial court must determine by clear, cogent and convincing evidence that a child has been willfully left by the parent in foster care or placement outside the home for over twelve months, and, further, that as of the time of the hearing, as demonstrated by clear, cogent and convincing evidence, the parent has not made reasonable progress under the circumstances to correct the conditions which led to the removal of the child.In re O.C., 171 N.C. App. 457, 464-65, 615 S.E.2d 391, 396 (2005) (internal citations omitted).
Here, at the time of the hearing, the children had been in petitioner's custody with placement outside respondent's home for almost five years. Among the reasons for the juveniles' removal from respondent's home were concerns about her parenting skills. In the adjudicatory orders, the trial court found that respondent was a "verbally harsh disciplinarian" and her "methods of discipline include yelling and threatening her children and she also believes in corporal punishment." The trial court further found that respondent was "excessively domineering and/or controlling which affects the family functioning negatively due to [respondent] being a single parent." DSS had developed a case plan for respondent, which respondent signed. However, the trial court found that respondent (1) performed "no participation in pursuing objectives" in her case plan and made no progress towards reducing the risk of harm to the children; (2) appeared to be "unmotivated" about improving her parenting skills and did not view the substantiation of neglect as a serious matter; and (3) did not recognize her role in the neglect of her children and was not following through with any services which could assist her in increasing or developing her parenting skills. The trial court also found that the juveniles had "unstable living arrangements" and that respondent was unable to maintain employment. To address these issues, the trial court ordered respondent to cooperate with DSS, complete a mental health evaluation, and attend parenting classes.
In support of its conclusion of law that grounds existed pursuant to N.C. Gen. Stat. § 7B-1111(a)(2) to terminate respondent's parental rights, the trial court made the following findings of fact:
[Respondent] has resided in numerous residences since May 2003.
. . .
[Respondent] was not regularly employed at the call of this matter but had been working as a free lance [sic] hair stylist working out of her sister's trailer.
. . .
Since . . . July of 2003, [respondent] has not resided longer than 4-5 months in any one location.
. . .
[Respondent] has failed to meet any of the requirements from the 2002 adjudication/disposition order.
. . .
[Respondent] produced a letter dated January 2008 from a church charity organization which stated that she came to the organization in January 2008 for the purpose of seeking parenting classes  however, as of the date of the adjudication hearing, [respondent] had not attended any parenting classes.
. . .
In spite of the fact that [respondent] has had regular contact with the minor children, . . . she has failed to provide the consistent care, nurturing and support that these children so desperately needs [sic]. [Respondent] is, in fact, worse off now that she was in May 2003 when legal custody was placed with [petitioner]. Thus, in terms of demonstrating her ability to effectively provide for and support these minor children, [respondent] has regressed from the time custody was placed with [petitioner] almost five (5) years ago.
Respondent does not contest these findings on appeal. Therefore, the findings of fact are deemed to be supported by sufficient evidence and are binding on appeal. N.C.R. App. P. 28(b)(6) (2007); see also In re P.M., 169 N.C. App. 423, 424, 610 S.E.2d 403, 404 (2005) (concluding respondent had abandoned factual assignments of error when she "failed to specifically argue in her brief that they were unsupported by evidence"). We find that the trial court's uncontested findings of fact support the trial court's conclusion that respondent failed to correct the conditions which led to the removal of the juveniles.
Furthermore, as found by the trial court, respondent waited five years before seeking to attend parenting classes, and apparently did so only after the petition to terminate her parental rights was filed. As of the date of hearing, respondent had failed to attend any classes. Thus, the trial court's findings of fact support its conclusion that respondent's failure to correct the conditions which led to the removal of the juveniles was willful. See In re McMillon, 143 N.C. App. 402, 410, 546 S.E.2d 169, 175 (2001) ("Willfulness is established when the respondent had the ability to show reasonable progress, but was unwilling to make the effort."). Accordingly, based on the trial court's findings of fact, we conclude that grounds exist to terminate respondent's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(2). Since grounds exist pursuant to N.C. Gen. Stat. § 7B-1111(a)(2) to support the trial court's order, the remaining grounds found by the trial court to support termination need not be reviewed by this Court. Taylor, 97 N.C. App. at 64, 387 S.E.2d at 233-34.
Respondent lastly argues that the trial court erred in concluding that it was in the best interests of the children to terminate her parental rights. We are not persuaded.
"The trial court has discretion, if it finds that at least one of the statutory grounds exists, to terminate parental rights upon a finding that it would be in the child's best interests." In re Nesbitt, 147 N.C. App. 349, 352, 555 S.E.2d 659, 662 (2001). Factors to consider in determining the child's best interests include: (1) the age of the child; (2) the likelihood of adoption; (3) the impact on the accomplishment of the permanent plan; (4) the bond between the child and the parent; (5) the relationship between the child and a proposed adoptive parent or other permanent placement; and (6) any other relevant consideration. N.C. Gen. Stat. § 7B-1110(a) (2007). When "the interests of the juvenile and those of the juvenile's parents or other persons are in conflict[,]" the court is to take action "which is in the best interests of the juvenile . . . ." N.C. Gen. Stat. § 7B-1100(3) (2007). As a discretionary decision, the trial court's disposition order will not be disturbed unless it could not have been the product of reasoning. In re J.B., 172 N.C. App. 747, 751, 616 S.E.2d 385, 387 (2005). In making its determination to terminate respondent's parental rights, the trial court made findings of fact that (1) petitioner had made "great sacrifices to ensure that these children have what they need"; (2) respondent has done "nothing to cultivate and nurture these children"; (3) L.S., C.S., C.S., C.S., and S.S. had a "positive bond" with respondent; (4) D.L.M. did not have a strong bond with respondent; (5) despite the fact that respondent has maintained a presence in the lives of the juveniles, she was not in a position to offer a "permanent, secure, stable and consistent residence for the minor children"; (6) the juveniles and petitioner have a "warm and loving relationship" and petitioner's "life is devoted to ensuring that [the] juveniles are healthy, well-loved, attend school, go to church and that their medical needs are met"; (7) petitioner plans to adopt the minor children; (8) respondent has failed to show that she will ever make the sacrifices necessary to be a parent; and (9) termination of respondent's parental rights would allow permanency in the lives of the juveniles. Based on the above findings of fact made by the trial court, we can discern no abuse of discretion. Accordingly, we affirm.
Affirmed.
Judges STEELMAN and GEER concur.
Report per Rule 30(e).