An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-358

NORTH CAROLINA COURT OF APPEALS

Filed: 16 September 2014

IN THE MATTER OF:

                                      Randolph County

                                      Nos. 12 JT 33-36

R.J.C.M., R.J.M.,
T.M.M., and J.R.M., Jr.

Appeal by respondent from orders entered 18 November 2013 and 20 December 2013 by Judge James P. Hill in Randolph County District Court. Heard in the Court of Appeals 18 August 2014.

> *No brief for petitioner-appellee Randolph County Department of Social Services.*
>
> *Edward Eldred Attorney at Law, PLLC, by Edward Eldred, for respondent-appellant.*
>
> *Cranfill Sumner & Hartzog LLP, by Kari R. Johnson, for guardian ad litem.*

HUNTER, Robert C., Judge.

Respondent, the father of the juveniles R.J.C.M., R.J.M., T.M.M., and J.R.M., Jr., appeals from orders terminating his parental rights. After careful review, we affirm.

**Background**

On 13 February 2012, the Randolph County Department of Social Services ("DSS") filed petitions alleging that R.J.C.M., R.J.M., T.M.M., and J.R.M., Jr. were neglected and dependent juveniles. DSS stated that respondent and the mother had engaged in domestic violence in the presence of the juveniles; the mother had left the juveniles alone in their home without proper supervision on multiple occasions; and respondent and the mother had cared for the juveniles while under the influence of illegal substances. Additionally, on 13 February 2012, the mother was admitted to the hospital due to suicidal ideations. While in the hospital, she tested positive for benzodiazepines, cocaine, marijuana, and methadone. Upon the mother's admission to the hospital, the juveniles were placed with relatives because respondent admitted to DSS that he could not care for the children. The relatives, however, were unable to care for the juveniles, and neither respondent nor the mother was able to provide alternative child care arrangements for DSS's consideration. The juveniles were taken into non-secure custody and were subsequently adjudicated neglected and dependent.

On 29 January 2013, the trial court ceased reunification efforts. On 22 March 2013, DSS filed motions to terminate respondent's parental rights. On 18 November 2013, the trial

court entered an adjudicatory order in which it determined that grounds existed pursuant to N.C. Gen. Stat. § 7B-1111(a)(1), (2), and (3) (2013) to terminate respondent's parental rights. The trial court further concluded that grounds existed to terminate the mother's parental rights. On 20 December 2013, the trial court entered a dispositional order in which it concluded that it was in the best interests of the juveniles that respondent's and the mother's parental rights be terminated. The trial court therefore terminated their parental rights. Respondent appeals.

## Discussion

Respondent's counsel has filed a no-merit brief on respondent's behalf in which he states that he has "conducted a conscientious and thorough" review of the record and trial transcript and was "unable to identify any issues of merit on which to base an argument for relief." Consequently, counsel conceded that he could not in "good faith" argue that the trial court erred in terminating respondent's parental rights. Pursuant to North Carolina Rule of Appellate Procedure 3.1(d), he requests that this Court conduct an independent examination of the case. In accordance with Rule 3.1(d), counsel wrote respondent a letter on 28 April 2014 advising him of counsel's

inability to find error, his filing of a "no-merit" brief, and of respondent's right to file his own arguments directly with this Court within thirty days of the date of the filing of the no-merit brief. Respondent has not filed his own written arguments.

In addition to seeking review pursuant to Rule 3.1(d), counsel directs our attention to potential issues with regard to certain of the trial court's conclusions that grounds existed to terminate respondent's parental rights. However, counsel acknowledges that any one ground is sufficient to terminate respondent's parental rights. *See In re Taylor*, 97 N.C. App. 57, 64, 387 S.E.2d 230, 233-34 (1990) (noting that a finding of any one of the separately enumerated grounds is sufficient to support termination). Counsel concedes that he cannot in good faith argue that all three grounds found by the trial court to support termination of respondent's parental rights were erroneous.

## Conclusion

After carefully reviewing the transcript and record, we are unable to find any possible prejudicial error in the trial court's orders terminating respondent's parental rights. Accordingly, we affirm.

AFFIRMED.

Judges DILLON and DAVIS concur.

Report per Rule 30(e).