HUNTER, JR., ROBERT N., Judge.
Respondent appeals from an order terminating her parental rights to her minor child "John" on the grounds of neglect, willful abandonment, and failure to pay support.[1] We affirm.
Petitioner and Respondent are John's parents, but were never married. In March 2013, the trial court awarded primary physical and legal custody of John to Petitioner and visitation every other weekend to Respondent. In August 2013, the court ordered Respondent to pay $50 per month in child support for John but failed to do so.
On 24 March 2015, petitioner filed a petition to terminate Respondent's parental rights on the grounds of neglect, failure to pay support, and willful abandonment. N.C. Gen.Stat. § 7B-1111(a)(1), (4), (7) (2015). The petition alleged John had been in Petitioner's custody since August 2011, Respondent had not provided any support for John, and Respondent had not had any contact with John since December 2012. Brooke Clark, Petitioner's attorney, could not with due diligence locate Respondent and therefore served the petition via publication.
Appointed counsel represented Respondent, and filed an answer and motions to dismiss on her behalf. The trial court held a hearing on the petition on 28 October 2015. Respondent and her counsel attended the hearing, and respondent testified on her own behalf. On 25 November 2015, the trial court entered an order terminating respondent's parental rights on the grounds of neglect, failure to pay support, and willful abandonment. Respondent filed a timely notice of appeal.
Counsel for respondent filed a no-merit brief on her behalf pursuant to N.C.R.App. P. 3.1(d) (2015) stating he "is unable to discern an issue in the record on appeal that might arguably support relief from the Order terminating [respondent]'s parental rights." Counsel asks this Court to conduct an independent review of the record for possible error. Counsel advised respondent of her right to file written arguments with this Court and provided her with the documents necessary to do so. Respondent has not filed her own written arguments.
Consistent with the requirements of Rule 3.1(d), counsel directs our attention to potential issues with regard to the trial court's adjudication of grounds to terminate respondent-mother's parental rights, its conclusion that termination was in John's best interest, and the performance of respondent's trial counsel. However, counsel acknowledges these issues do not provide a meritorious basis for appeal.
After careful review, we are unable to find any possible prejudicial error by the trial court. The termination order includes sufficient findings of fact, supported by clear, cogent, and convincing evidence, to conclude at least one statutory ground for termination existed. See In re Taylor, 97 N.C.App. 57, 64, 387 S.E.2d 230, 233-34 (1990) (Any one of the enumerated grounds is sufficient to support termination). Moreover, the court made appropriate findings on each of the relevant dispositional factors and did not abuse its discretion in assessing John's best interests. N.C. Gen.Stat. § 7B-1110(a) (2015). Accordingly, we affirm the order terminating respondent's parental rights.
AFFIRMED.
Judges ELMORE and McCULLOUGH concur.
Report per Rule 30(e).

A pseudonym is used to protect the identity of the minor child and for ease of reading.