ZACHARY, Judge.
Respondent appeals from the termination of his parental rights in his minor children, L.G.S. and C.D.S. (The trial court also terminated the parental rights of the children's mother; however, she is not a party to this appeal.) After careful review, we affirm.
On 18 May 2015, the Haywood County Department of Social Services ("DSS") filed a petition alleging that L.G.S. and C.D.S. were abused, neglected, and dependent juveniles as a result of their "continued exposure to Methamphetamine abuse, manufacturing, and sale." The petition stated that DSS had received a report on 3 March 2014 that respondent and the juveniles' mother used and attempted to sell methamphetamine while in L.G.S.'s presence. On 24 September 2014, DSS received a report that law enforcement was investigating respondent and the juvenile's mother for drug-related offenses, and that law enforcement officers had arrested several people who reported purchasing methamphetamine from respondent and the mother. On 11 February 2015, DSS received another report that respondent and the mother had a methamphetamine lab at their residence. On the same day, respondent and the mother were charged with felony possession/distribution of a methamphetamine precursor, and respondent was also charged with possession of a firearm by a felon. When the parents met with a DSS social worker on 12 February 2015, respondent and the mother admitted that they used methamphetamine and had sold it "to catch up on the bills[.]" On 16 February 2015, respondent tested positive for methamphetamine, and on 5 March 2016, L.G.S. tested positive for methamphetamine based upon a hair follicle test. On 18 May 2016, both respondent and the mother were arrested and incarcerated on the charges for which they were arrested on 11 February 2015. Also on 18 May 2015, DSS obtained non-secure custody of the juveniles.
On 30 July 2015, the trial court adjudicated L.G.S. and C.D.S. to be abused, neglected, and dependent juveniles. The trial court established a plan of reunification of the juveniles with the parents, which was contingent upon the parents' meeting the requirements of the case plan. On 30 May 2016, the court signed a permanency planning order stating that the plan remained reunification, with a concurrent plan of legal guardianship. On 25 August 2016, the trial court entered a permanency planning order that changed the plan for the children to adoption with a concurrent plan of guardianship.
On 2 November 2016, DSS filed petitions to terminate respondent's parental rights. On 6 March 2017, the trial court entered an order in which it determined that grounds existed to terminate respondent's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) (neglect), (2) (willful failure to make reasonable progress), (6) (dependency), and (7) (abandonment) (2015). The trial court further concluded that it was in the juveniles' best interests that respondent's parental rights be terminated. Accordingly, the trial court terminated respondent's parental rights. Respondent appeals.
Pursuant to North Carolina Rule of Appellate Procedure 3.1(d), respondent's counsel has filed a no-merit brief on respondent's behalf in which she states that she made a "conscientious and thorough review of the Record on Appeal" and was unable to identify any issues of merit on which to base an argument for relief. Respondent's counsel requests that this Court conduct an independent examination of the case. In accordance with Rule 3.1(d), counsel wrote respondent advising him of counsel's inability to find reversible error, her filing of a "no-merit" brief, and of respondent's right to file his own arguments directly with this Court within thirty days of the date of the filing of the no-merit brief. Respondent has not filed his own written arguments.
After carefully reviewing the transcript and record, we are unable to find any possible prejudicial error in the trial court's order terminating respondent's parental rights. Our review of the record reveals that the termination order includes sufficient findings of fact, supported by clear, cogent, and convincing evidence, to support the conclusion that respondent willfully abandoned the juveniles pursuant to N.C. Gen. Stat. § 7B-1111(a)(7). The trial court's uncontested findings of fact demonstrate that respondent: (1) had no contact with the juveniles for at least the six-month period immediately preceding the filing of the petitions to terminate his parental rights; (2) failed to provide any gifts or letters for the juveniles on holidays, birthdays, or any other occasion; (3) did not provide any medicine, groceries, books, shoes, or clothing for the juveniles; and (4) displayed behavior which indicated an intent to forego all parental duties toward his children. The finding of this statutory ground alone supports termination of respondent's parental rights. See In re Taylor , 97 N.C. App. 57, 64, 387 S.E.2d 230, 233-34 (1990) (A finding of any one of the separately enumerated grounds is sufficient to support termination.). Furthermore, the trial court made appropriate findings in determining that termination of respondent's parental rights was in the juveniles' best interests. See N.C. Gen. Stat. § 7B-1110(a) (2015). Accordingly, we affirm.
AFFIRMED.
Report per Rule 30(e).
Judges BRYANT and STROUD concur.